Jennifer L. Santa Maria CA Bar No. 225875
jennifer.santamaria@ogletree.com
Cameron O. Flynn CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants U.S. HEALTHWORKS MEDICAL GROUP, Prof. Corp.; SELECT MEDICAL HOLDINGS CORPORATION, and CONCENTRA GROUP HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA RAINES, individually and on behalf of all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONT PORCH COMMUNITIES AND SERVICES, a corporation; U.S. HEALTHWORKS MEDICAL GROUP, a corporation; SELECT MEDICAL HOLDINGS CORPORATION, a corporation; CONCENTRA GROUP HOLDINGS, LLC, a corporation; and DOES 3 through 10, inclusive<br><br>Defendant. | Case No. **'19CV1539 DMS MSB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Parties with Financial Interest; Declarations of Danielle Kendall and Jennifer L. Santa Maria in Support of Removal]<br><br>[*San Diego County Superior Court Case No. 37-2018-00053708-CU-CR-NC*] |

Defendants U.S. HealthWorks Medical Group, Prof. Corp. (sued as U.S. HealthWorks Medical Group), Select Medical Holdings Corporation, and Concentra Group Holdings, LLC ("Defendants") remove this putative class action to the United States District Court for the Southern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) at least one of the

defendants is a citizen of a state different than Plaintiff; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100;[1] and (3) the amount in controversy exceeds, in aggregate, the sum or value of $5,000,000, exclusive of interest and costs.[2] All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed her First Amended Class Action Complaint ("FAC") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

I. **BACKGROUND**

1. In early March 2018, Front Porch Communities and Services ("Front Porch") offered Plaintiff employment so long as she satisfactorily completed a pre-employment medical examination. Before attending any pre-employment medical examination, she executed consent and release forms. Plaintiff then went to a U.S. HealthWorks Medical Group, Prof. Corp. ("USHW") clinic for the pre-employment medical examination. While there, she refused to respond to basic medical questions, became belligerent and hostile, and left the examination all together.

2. USHW then contacted Front Porch and reported Plaintiff's refusal to complete the medical examination. USHW shared no medical information with Front Porch. After learning Plaintiff refused to complete the medical examination, Front Porch revoked the job offer because it could not allow her to commence work, believing it a violation of 22 CCR 87411(f), among other reasons. USHW had no

---

[1] In alleging the number of potential members of the putative class for purposes of CAFA removal, Defendants do not concede in any way that the allegations are accurate, that the allegations give rise to any cause of action, that any cause of action is viable either on an individual or class-wide basis, that the putative class members are appropriately included in this litigation, or that Defendants are appropriately included in this litigation.

[2] In alleging the amount in controversy for purposes of CAFA removal, Defendants do not concede in any way that the allegations are accurate, or that Plaintiff is entitled to any of the monetary relief requested. Nor do Defendants concede that any or all putative class members are entitled to any recovery.

39560455_1.docx

ability to control whether or not Front Porch hired Plaintiff.

3. Plaintiff has turned her individual actions and unique circumstances into a class action—covering not just potential employees sent by Front Porch to USHW, but purportedly also all potential employees sent by *any employer* in California to any of Defendants' facilities. Although her lawsuit is outlandish, Defendants now have no option but to spend significant financial, temporal, and judicial resources to resolve this litigation in their favor.

## II. STATE COURT ACTION

4. Plaintiff filed her initial complaint on an individual basis on October 23, 2018 in the Superior Court of California for the County of San Diego ("Action"). The Action was assigned Case No. 37-2018-00053708-CU-CR-CTL. (Declaration of Jennifer Santa Maria ["Santa Maria Decl."], ¶ 2; Ex. 1, initial complaint.) A copy of the initial complaint is attached as **Exhibit 1**. The initial complaint only named Front Porch and USHW as defendants. It alleged all causes of action against USHW: age discrimination, gender discrimination, retaliation, wrongful refusal to hire, violation of the Unruh Civil Rights Act, violation of the Confidentiality of Medical Information Act, and intrusion into private affairs. (*Id.*) The case was later transferred via stipulation to the Superior Court of California, County of San Diego, North County and given the case no.: 37-2018-00053708-CU-CR-NC. (*Id.* ¶ 5, Ex. 4)

5. After meet and confer efforts by USHW, Plaintiff agreed to dismiss the Fair Employment Housing Act causes of action alleged against USHW: age discrimination, gender discrimination, retaliation, and wrongful refusal to hire. (*Id.*, ¶ 3-4, Ex. 2, request for dismissal.) A copy of the request for dismissal is attached as **Exhibit 2**.

6. Front Porch and USHW answered the initial complaint in December 2018. Copies of the answers filed by USHW and Front Porch are attached as **Exhibit 3** and **Exhibit 5**, respectively. (*Id.* ¶ 4, Ex. 3; *Id.* ¶ 6, Ex. 5.)

7. On December 17, 2018, the matter was transferred to the Superior Court

of California for the County of San Diego, North County. A copy of the stipulation and order effectuating the transfer is attached as **Exhibit 4**. (*Id.* ¶ 5, Ex. 4.)

8.  On May 14, 2019, Plaintiff amended her complaint to name Does 1 and 2 as Select Medical Holdings Corporation and Concentra Group Holdings, LLC, respectively. (*Id.*, ¶ 7, Ex. 6, Amendments to Complaint.) A copy of the Amendments to Complaint is attached as **Exhibit 6**.

9.  Following motion work to permit amendment to the complaint (see *Id.* ¶ 8 – 13, Ex. 7-12), Plaintiff filed the FAC on July 16, 2019. Therein, she alleges on a classwide basis causes of action for: impermissible inquiries in violation of FEHA, violation of Unruh Civil Rights Act, intrusion upon seclusion, violation of Confidentiality of Medical Information Act, violation of Unfair Business Practices Act, unlawful refusal to hire, and retaliation. (*Id.*, ¶ 14, Ex. 13, FAC.) A copy of the FAC is attached as **Exhibit 13**.

10. Plaintiff served the FAC on USHW on July 16, 2019. (*Id*. ¶ 15, Ex. 14, FAC proof of service.) Plaintiff served the FAC on Concentra Group Holdings, LLC, on July 19, 2019. (*Ibid.*) Plaintiff served the FAC on Select Medical Holdings Corporation on July 19, 2019. (*Ibid*.) A copy of the proofs of service are attached as **Exhibit 14.**

11. On August 13, 2019, Defendants filed an Answer to the FAC in the San Diego County Superior Court. (*Id.*, ¶ 16, Ex. 15, Answer to FAC.) A copy of the Answer to the FAC is attached as **Exhibit 15**.

### III. <u>REMOVAL IS TIMELY</u>

12. Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant USHW's deadline to remove the Action is August 15, 2019. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This removal is timely.

### IV. <u>REMOVAL IS PROPER UNDER CAFA</u>

13. Removal is proper given Plaintiff's allegations and claims. Plaintiff's FAC asserts class claims for: impermissible inquiries in violation of FEHA, violation

of Unruh Civil Rights Act, intrusion upon seclusion, violation of Confidentiality of Medical Information Act, violation of Unfair Business Practices Act, unlawful refusal to hire, and retaliation. (*See* FAC.)

14. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

15. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class is a citizen of a State different from Defendants, the number of individuals in Plaintiff's proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.** **CAFA's Diversity of Citizenship Requirement is Satisfied**

16. CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

17. Under 28 USC 1332 (d)(7), the determination of citizenship of the members of the proposed plaintiff class shall be made at the time of the complaint or amended complaint.

18. According to the FAC, Plaintiff was, at the time of filing, and at the time of removal, a citizen of the State of Florida within the meaning of 28 U.S.C. 1332(a). (FAC, ¶ 2 ["Ms. Raines is currently a resident of the State of Florida."]; ¶ 37 ["Ms. Raines could no longer afford to live in California, and she was forced to move to the State of Florida."].)

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

19. At all relevant times, Concentra Group Holdings, LLC is and was organized under Delaware law with its principal place of business in Texas. Under 28 U.S.C. § 1332(d)(10) an unincorporated association shall be deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized. Generally, a company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally the location of its headquarters. *Id.* With a holdings company, the principal place of business is "where the holding company decides how to manage its assets, which is usually where the board of directors meet." *See 3123 SMB LLC v. Horn*, 880 F.3d at 468, 470 (9th Cir. 2018) (adopting rule that a holding company presumptively directs its business from the place where it holds its board meetings); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 354 (3d Cir. 2013) ("For a holding company such as GSK Holdings, relatively short, quarterly board meetings may well be all that is required to direct and control the company's limited work.").

20. At all relevant times, Concentra Group Holdings, LLC has been solely a holdings company. It has no employees. It has been organized under the laws of Delaware. Concentra Group Holdings, LLC's principal address is Addison, Texas. Concentra Group Holdings, LLC's board meetings are held in Texas. Concentra Group Holdings, LLC has not been incorporated in Florida and has had no headquarters, executive offices, principal place of business, or board meetings in Florida. Likewise, Concentra Group Holdings, LLC has not been incorporated in California and has had no headquarters, executive offices, principal place of business, or board meetings in California. (Declaration of Danielle Kendall ["Kendall Decl."], ¶¶ 3-7.) Accordingly, Concentra Group Holdings, LLC is a citizen of Delaware and Texas and not a citizen of Florida or California.

21. Minimal diversity is established because Plaintiff is a citizen of Florida

and Concentra Group Holdings, LLC is not; it is a citizen of Delaware and Texas. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B. CAFA's Class Size Requirement Is Satisfied

22. Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on behalf of herself and all similarly situated current and former job applicants. Plaintiff states the proposed class is:

> all applicants for employment in the State of California requested to respond to standardized Impermissible Non-Job-Related Questions at [Defendants] within the Class Period ("Class Members" or the "Class"). The proposed Sub-Class consists of all applicants for employment with FRONT PORCH in the State of California requested to respond to standardized Impermissible Non-Job-Related Questions at [Defendants] within the Class Period (Sub-Class Members or "the Sub-Class"). (FAC, ¶ 20.)

23. Based on the allegation that Defendants operate over 75 office locations in the state of California, (FAC ¶ 10) if each conducted just one pre-employment examination per week, over the course of four years, there would be approximately 15,600 putative class members. (75 offices x 1 examination per week x 52 weeks x 4 years = 15,600.) Even if this calculation is limited to one year, the putative class size requirement is met. (75 offices x 1 examination per week x 52 weeks = 3,900)

24. Thus, CAFA's size requirement is satisfied.

### C. CAFA's Requisite $5 Million Amount In Controversy Is Satisfied

25. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

26. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Even if they are farfetched, courts must look to the allegations in the complaint in

determining the amount in controversy under CAFA. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *Henry v. Central Freight Lines, Inc.*, __ F. App'x __, 2017 WL 2684136 (9th Cir. Jun. 21, 2017) ("In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim").

27. The FAC - on its face and evaluating only one of seven causes of action (the Unruh Civil Rights Act) - satisfies the $5 million amount in controversy threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).

**Unruh Civil Rights Act**

28. Plaintiff alleges Defendants conduct "tens of thousands" of pre-employment examinations per year. (FAC, ¶ 11.)

29. Plaintiff alleges that during each and every pre-employment examination, Plaintiff and the putative class members were required to fill out forms and asked questions that violated the Unruh Civil Rights Act, which was a "systematic, on-going and illegal pattern and practice." (FAC, ¶¶ 12-20, 57-59.)

30. Plaintiff alleges the alleged violations of the Unruh Civil Rights Act constitute an "unlawful, unfair, and/or fraudulent business practice" under California Business & Professions Code section 17200 et seq. (the "UCL"). (FAC, ¶¶ 80 (a).) The statute of limitations for a claim under the UCL is four years. Cal. Bus. & Prof. Code § 17208.

31. Civil Code section 52 provides for actual damages for every violation of the Unruh Act, "but in no case less than four thousand dollars ($4,000)" per violation. (*See* FAC, ¶ 61.) Plaintiff requests said damages. (*See* FAC, ¶ 61, Prayer for Damages ¶ h.)

32. Accordingly, via her pleadings alone, Plaintiff has alleged an amount significantly in excess of the $5 million threshold. (10,000 examinations per year (each of which is an alleged violation of the Unruh Civil Rights Act) x 4 years x $4,000 minimum penalty per violation = **$160,000,000.00**) (*See* FAC, ¶ 61, Prayer for

8
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Damages ¶ h.)

**Attorney's Fees**

33. In addition to the $160 million of alleged violations, Plaintiff is seeking attorney's fees. (FAC ¶ 61, 84, Prayer for Relief.)

34. In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same).

35. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such attorney's fees is **$40,000,000** ($160,000,000 x 0.25 = $40,000,000).

**Summary**

36. Based on Plaintiff's allegations, the amount in controversy is at least **$200,000,000.00** ($160,000,000 + $4,000,000 = $200,000,000). This amount satisfies CAFA on its own irrespective of all of Plaintiff's other alleged bases and amounts for recovery.

V. **VENUE IS PROPER IN THIS COURT**

37. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the District Court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S.C. § 84(d). Therefore, venue is proper in this Court because it is the district embracing the place

39560455_1.docx

where the Action is pending. 28 U.S.C. § 1441(a).

38. Under 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the declarations of Danielle Kendall and Jennifer L. Santa Maria, and Exhibits 1 to 15, which constitute a copy of all processes, pleadings, and orders.

39. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as Plaintiff served her Complaint on USHW on July 16, 2019. (Santa Maria Decl. ¶ 15, Ex. 14.)

40. As required by 28 U.S.C. §1446(d), Defendants provided Notice of Removal to Plaintiff through her attorneys of record.

41. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

42. If this Court has a question regarding the propriety of this Notice of Removal, Defendants request it issue an Order to Show Cause so they may have an opportunity to more fully brief the grounds for this removal.

## VI. CONCLUSION

43. For the foregoing reasons, Defendants remove this putative class action to the United States District Court for the Southern District of California.

DATED: August 15, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jennifer L. Santa Maria*
Jennifer L. Santa Maria
Cameron O. Flynn

Attorneys for Defendants U.S. HEALTHWORKS MEDICAL GROUP, Prof. Corp.; SELECT MEDICAL HOLDINGS CORPORATION, and CONCENTRA GROUP HOLDINGS, LLC

39560455.1