Jennifer L. Santa Maria, CA Bar No. 225875
jennifer.santamaria@ogletree.com
Cameron Flynn, CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858.652.3100
Facsimile: 858.652.3101

Attorneys for Defendant U.S. HEALTHWORKS
MEDICAL GROUP, Prof. Corp., a California
Corporation

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/05/2018 at 05:31:00 PM
Clerk of the Superior Court
By Gen Dieu, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

### CENTRAL DIVISION

| | |
|---|---|
| KRISTINA RAINES, <br><br> Plaintiff, <br><br> vs. <br><br> FRONT PORCH COMMUNITIES AND SERVICES, a California Corporation; U.S. HEALTHWORKS MEDICAL GROUP, a California Corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 37-2018-00053708-CU-CR-CTL <br><br> **ANSWER TO COMPLAINT** <br><br> [Assigned for all purposes to The Honorable Randa Trapp, Dept. C-70] <br><br> Action Filed: October 23, 2018 <br> Trial Date: Not Set |

**TO PLAINTIFF KRISTINA RAINES AND HER ATTORNEYS OF RECORD:**

Defendant U.S. HEALTHWORKS MEDICAL GROUP, Prof. Corp. ("Defendant") responds to the Complaint filed by Plaintiff KRISTINA RAINES ("Plaintiff"), as follows:

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or

///

omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below. Defendant also hereby gives notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

4. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, because Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preexisting Condition)

7. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Business Reason)

8. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, on the grounds that any alleged actions taken by Defendant were reasonable in response to legitimate business and medical necessities, and were taken for legitimate non-discriminatory retaliatory reasons.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

9. The Complaint and/or each cause of action is barred on the grounds and/or to the extent that Plaintiff lacks standing to assert the claims asserted.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10. Defendant allege that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, because Plaintiff has failed, and continues to fail, to mitigate, by the

///

36587319_1

3
ANSWER TO COMPLAINT

exercise of reasonable effort and/or care, any damages allegedly caused by the acts and/or omissions allegedly attributed to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

11. The Complaint is uncertain, vague, ambiguous, and unintelligible and Plaintiff's losses, if any, are speculative and/or uncertain, and therefore not compensable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Unruh Act Standing)

12. Plaintiff is not a member of a classification of persons entitled to protection under the Unruh Act barring the purported Unruh Act cause of action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Not Business Establishment)

13. Defendant is not a business establishment covered by the provisions of the Unruh Ach barring the purported Unruh Act cause of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

14. The alleged discriminatory action alleged by Plaintiff was not intentional barring the purported Unruh Act cause of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Valid Business Purpose)

15. The actions or policies complained of in Plaintiff's complaint were not arbitrary, but rather were reasonably related to a valid business reason barring her purported causes of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Important Public Policy)

16. The actions or policies complained of were necessary to further an important public policy barring her purported causes of action.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Actions Constitutionally Protected)

17. Defendant's actions were based on its exercise of a constitutionally protected right barring her purported causes of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Actions Permitted By another Law)

18. Defendant's actions were permitted by statute, law, or both barring her purported causes of action.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Actions Do Not Arise From Provision of Goods, Services or Facilities)

19. Defendant's actions do not arise from the provision of goods, services, or facilities to Plaintiff and thus are not prohibited, barring her purported causes of action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff Authorized Release)

20. Plaintiff authorized the disclosure of information complained of in her complaint, and therefore waived her right to privacy barring her purported causes of action.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Plaintiff Consented To Release)

21. Plaintiff consented to the disclosure of information complained of in her complaint, and therefore waived her right to privacy barring her purported causes of action.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (Conduct Justified)

22. Defendant's conduct is justified because it substantively furthers one or more countervailing interests, including but not limited the need to ensure a healthy, safe workplace and conduct an exam within the parameters of industry standard, barring Plaintiff's purported causes of action.

///

///

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (No Disclosure)

23. No disclosure by Defendant constituted medical information barring Plaintiff's purported causes of action.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

### (No Reasonable Expectation)

24. Plaintiff had no reasonable expectation of privacy in the pre-employment medical exam, barring her purported causes of action.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

### (Alleged Intrusions Not Highly Offensive)

25. Any alleged intrusions into Plaintiff's privacy by Defendant would not be highly offensive to a reasonable person.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Punitive Damages)

26. Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in oppressive, fraudulent, or malicious conduct.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Corporate Defendants)

27. Defendant alleges that Plaintiff is not entitled to recover punitive damages from Defendant for the alleged acts referred to in Plaintiff's Complaint on the grounds that said acts, if any, were performed by an employee or third party of Defendant, and that none of Defendant's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its members, officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee or employees with a conscious disregard of the rights or safety of others. Civ. Code § 3294.

36587319_1

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

28. As a separate defense to the Complaint and each purported cause of action therein, Defendants allege that an award of punitive damages or penalties against Defendants under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' Due Process and other rights under the United States and California Constitutions

## TWENTY NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

29. Defendants allege that they currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff, on all causes of action;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That the Defendant be awarded its costs of suit herein;

4. That the Defendant be awarded reasonable attorneys' fees as determined by the Court pursuant to the law; and

5. For such other and further relief as the Court deems just and proper.

36587319_1

DATED: December 5, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Jennifer L. Santa Maria
Cameron Flynn

Attorneys for Defendant U.S. HEALTHWORKS MEDICAL GROUP, Prof. Corp., a California Corporation

36587319.1

8
ANSWER TO COMPLAINT