R. SCOTT ERLEWINE (State Bar No. 095106)
NICHOLAS A. CARLIN (State Bar No. 112532)
BRIAN S. CONLON (State Bar No. 303456)
KYLE P. O'MALLEY (State Bar No. 330184)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900
Fax:          415-398-0911
Email: rse@phillaw.com
         nac@phillaw.com
         bsc@phillaw.com
         kpo@phillaw.com

LIGHT & MILLER, LLP
Michael Miller (SBN 269743)
Christopher Light (SBN 270449)
8880 Rio San Diego Dr., Suite 800
San Diego, CA 92108
Telephone: (619) 554-8460
Facsimile: (619) 996-7070
Email:  Michael@LightMiller.com
         Chris@LightMiller.com

Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA RAINES and DARRICK FIGG, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, a corporation; U.S. HEALTHWORKS, INC., a corporation; SELECT MEDICAL HOLDINGS CORPORATION, a corporation; SELECT MEDICAL CORPORATION, a corporation; CONCENTRA GROUP HOLDINGS, LLC, a corporation; CONCENTRA, INC., a corporation; CONCENTRA PRIMARY CARE OF CALIFORNIA, a medical corporation; and DOES 4 and 8 through 10, inclusive,<br><br>                Defendants. | Case No: 19CV1539-DMS-MSB<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR IMPERMISSIBLE INQUIRIES IN VIOLATION OF FEHA; VIOLATION OF UNRUH CIVIL RIGHTS ACT; INTRUSION UPON SECLUSION; AND VIOLATION OF UNFAIR BUSINESS PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Complaint Filed:            October 23. 2018<br>First Amended Complaint Filed: July 16, 2019** |

1

Plaintiffs, individually and on behalf of all others similarly situated, allege as follows:

## INTRODUCTION

1.     This is a class action brought by Plaintiffs Kristina Raines and Darrick Figg, individually and on behalf of all members of the class defined below, against U.S. HealthWorks and its successors, one of the nation's largest providers of occupational health. Acting on behalf of a number of California employers, U.S. HealthWorks conducts medical examinations of job applicants.  In doing so, it engages, and for the four years prior to filing this action has engaged, in a systematic, ongoing and illegal pattern and practice of forcing job applicants to answer unlawful, personal, highly-intrusive and non-job-related questions. These include, for example, whether the applicant has and/or ever has had: 1) venereal disease; 2) painful or irregular vaginal discharge; 3) problems with menstrual periods; 4) penile discharge, prostate problems, genital pain or masses; 5) cancer/tumors; 6) HIV; 7) mental illness; 8) disabilities; 9) painful/frequent urination; 10) hair loss; 11) hemorrhoids; 12) diarrhea; 13) black stool; 14) constipation; 15) organ transplant; 16) stroke; and 17) whether the applicant is pregnant.  In or about 2018, U.S. Healthworks was acquired by Concentra and/or Select Medical, also one of the nation's largest providers of occupational health.

## THE PARTIES

2.     Plaintiff KRISTINA RAINES is an individual who was, at all times relevant hereto, a resident of the State of California, and at the time of filing this action was a resident of the State of Florida.

3.     Plaintiff DARRICK FIGG is an individual who is, and at all times relevant hereto was, a resident of the State of California.

4.     Defendant U.S. HEALTHWORKS MEDICAL GROUP is a California corporation with its principal place of business and offices located at 25124 Springfield Ct., Ste. 200, Valencia, CA 91355.

5.     On information and belief, Defendant U.S. HEALTHWORKS, INC. (added here as Doe 3) is a corporation incorporated under the laws of one of the states of the United States of America, with its principal place of business in the State of Texas or the State of

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

Pennsylvania.  (U.S. HEALTHWORKS MEDICAL GROUP and U.S. HEALTHWORKS, INC., individually and collectively, and Doe 4, are hereafter referred to as "MEDICAL GROUP.")

6.      MEDICAL GROUP at all times relevant offered and provided California employers comprehensive occupational health services that include both medical examinations and occupational therapy.

7.      On information and belief, Defendant CONCENTRA GROUP HOLDINGS, LLC is a corporation incorporated under the laws of one of the states of the United States of America, having its principal place of business in the State of Texas.

8.      On information and belief, Defendant CONCENTRA, INC. (added here as Doe 5) is a corporation incorporated under the laws of one of the states of the United States of America, having its principal place of business in the State of Texas or the State of Pennsylvania.

9.      On information and belief, CONCENTRA PRIMARY CARE OF CALIFORNIA, A MEDICAL CORPORATION (added here as Doe 6) is a corporation incorporated under the laws of the State of California, having its principal place of business in the State of California.

10.     On information and belief, Defendant SELECT MEDICAL HOLDINGS CORPORATION is a corporation incorporated under the laws of one of the states of the United States of America, having its principal place of business in the State of Pennsylvania.

11.     On information and belief, defendant SELECT MEDICAL CORPORATION (added here as Doe 7) is a corporation incorporated under the laws of one of the states of the United States of America, having its principal place of business in the State of Texas or the State of Pennsylvania.

12.     On information and belief, in or about 2018 or 2019, SELECT MEDICAL HOLDINGS CORPORATION, SELECT MEDICAL CORPORATION, CONCENTRA GROUP HOLDINGS, LLC, CONCENTRA, INC., CONCENTRA PRIMARY CARE OF CALIFORNIA, A MEDICAL CORPORATION and/or DOES 8-10, and each of them,

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

3

acquired MEDICAL GROUP and/or began operating or controlling, directly and/or through MEDICAL GROUP, the USHW facilities in California and/or the California facilities previously operated by USHW.  (MEDICAL GROUP, SELECT MEDICAL HOLDINGS CORPORATION, SELECT MEDICAL CORPORATION, CONCENTRA GROUP HOLDINGS, LLC, CONCENTRA, INC., AND CONCENTRA PRIMARY CARE OF CALIFORNIA, A MEDICAL CORPORATION, Does 4 and 8-10 are hereinafter individually and collectively referred to as "USHW.")

13.     The true names or capacities, whether individual, corporate, associate or otherwise of Defendants Does 4 and 8 to 10, inclusive, being unknown to Plaintiffs prior to filing of this action by Defendants, Plaintiffs assert their claims against these Defendants under fictitious names pursuant to California Code of Civil Procedure § 474.

14.     Plaintiffs are informed and believe that each Defendant named in this Complaint, and each Doe Defendant, individually and/or collectively (hereafter "Defendants"), is in some manner responsible for the wrongs and damages alleged below, individually and/or as a joint employer, employer and/or as the agent, servant, partner, alter ego and/or employee of, and/or aider and/or abettor and/or co-conspirator with, each other Defendant or employer(s) who referred the Class Members to USHW, and in doing the actions described below, was acting within the course and scope of its authority as such joint employer, employer, agent, servant, partner, employee, conspirator and/or aider and abettor, with the permission and consent of each of the other Defendants or each referring employer. All acts herein alleged were approved of and ratified by the other Defendants.

## JURISDICTION AND VENUE

15.     On October 23, 2018, Plaintiff Kristina Raines filed this action against defendants U.S. Healthworks Medical Group ("USHW") and Front Porch Communities and Services in California Superior Court (San Diego County), Case No. 37-2018-00053708-CU-CR-CTL ("this Action").

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

16.     On July 16, 2019, pursuant to leave of court, Plaintiff filed a First Amended Complaint against these defendants and against additional defendants Select Medical Holdings Corporation and Concentra Group Holdings, LLC.

17.     On August 15, 2019, USHW, Concentra and Select Medical removed this Action to this court asserting jurisdiction under the Class Action Fairness Act. (28 U.S.C. §1332(d).)

18.     Assuming the court has proper jurisdiction, venue is appropriate in this court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district.

## GENERAL ALLEGATIONS

19.     USHW is one of the nation's largest providers of occupational health and urgent care centers.   On information and belief, USHW currently has, and at all times relevant herein had, in excess of 75 office locations in the State of California.

20.     As a significant part of its business, at the request and on behalf of a number of California employers who regularly employ five or more persons, USHW has during the four year period prior to filing this action ("Class Period") and continued to conduct medical examinations of job applicants (collectively "Class Members") at its California facilities. Plaintiff is informed and believes that USHW conducts, and at all times relevant has conducted, tens of thousands of these examinations annually in the State of California.

21.     As part of these examinations, USHW engages and, on information and belief at all times relevant during the Class Period, has engaged, in a systematic, on-going and illegal pattern and practice of forcing Class Members to fill-out standardized health history questionnaire(s) (hereinafter "Health History Questionnaire(s)"), provide age information and sign unlawful disclosure authorizations.

22.     The Health History Questionnaire(s) ask numerous unlawful, highly-intrusive, highly-personal, and highly-private non-job-related questions.  These include questions such as whether the applicant has and/or has ever had: 1) venereal disease; 2) painful or irregular vaginal discharge or pain; 3) problems with menstrual periods; 4) irregular menstrual period; 5); penile discharge, prostate problems, genital pain or masses; 6) cancer; 7) mental illness; 8)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

**SECOND AMENDED COMPLAINT - Case No: 37-2018-00053708-CU-CR-CTL**

HIV; 9) permanent disabilities; 10) painful/frequent urination; 11) hair loss; 12) hemorrhoids; 13) diarrhea; 14) black stool; 15) constipation; 16) tumors; 17) organ transplant; 18) stroke; or 19) a history of tobacco or alcohol use.

23.    The Health History Questionnaire(s) also illegally ask whether the Class Member is pregnant, seek information regarding every type of over-the-counter and prescribed medication taken by the Class Member (which would include, for example, birth control and medication evidencing non-job-related disabilities and illnesses), and require that the Class Member reveal information about prior on-the-job injuries or illnesses.

24.    Plaintiffs are informed and believe that, when the Class Member provides a positive response to any of the inquiries contained in the Health History Questionnaire(s), it is USHW's systematic policy and practice to have a USHW medical examiner verbally ask the Class Member to explain the basis for the positive responses.

25.    As part of the examination, USHW also requires that the Class Member fill out an intake information form requiring that the Class Member state his/her age, sex and date of birth.  (The questions in the Health History Questionnaires and the intake form, and their verbal follow up, are hereafter individually and collectively referred to as "Impermissible Non-Job-Related Questions.")

26.    Finally, on information and belief, all Class Members were and are required by USHW to sign an Authorization to Disclose Protected Health Information to Employer or a similar document.  This document permits USHW to disclose the Class Member's protected health information to his/her prospective employer.  The Authorization warns the Class Member that her or his refusal to sign may violate a condition of employment.

27.    The Impermissible Non-Job-Related Questions, and each of them, are intrusive, overbroad, unrelated to any Class Member's ability to perform the functions of any job position, and inconsistent with business necessity for any Class Member's job position. Indeed, on information and belief, all Class Members are required to answer all of the Impermissible Non-Job-Related Questions, regardless of the nature and duties of the job position.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

28.     Defendants, and each of them, have no legitimate, necessary, job-related or compelling need to collect and compile such detailed and intimate information about each Class Member regardless of employment position or job duties.

29.     Plaintiffs are informed and believe that Defendants, and each of them, have continued their unlawful use of the Impermissible Non-Job-Related Questions during the Class Period and to the present day and continuing.

30.     Plaintiffs are informed and believe that Defendants, and each of them, approved of, authorized and ratified the use of the Health History Questionnaire(s) and Impermissible Non-Job-Related Questions.

### FACTS SPECIFIC TO PLAINTIFF RAINES

31.     On or about March 5, 2018, Ms. Raines, a woman, applied for a job with Front Porch Communities and Services ("Front Porch"), a company which provides housing and services to residents in the State of California.  Ms. Raines applied to work as a non-exempt Food Service Aide I at Front Porch's Carlsbad By The Sea facility located in Carlsbad, California.

32.     At the time of her application, Front Porch provided Ms. Raines with a job description listing the job duties for a Food Service Aide.  The job description was similar to what would be expected of any food server – "cleans and maintains work area; transports trash and waste to disposal area; re-stocks dishes, kitchen utensils and food supplies; loads and unloads food service cart; picks up and/or delivers supplies and food; washes dishes, pots and cleans general work area as assigned; and delivers trays to residents as assigned."

33.     Front Porch offered Ms. Raines employment.  However, as part of the hiring process, Front Porch conditioned such offer upon Ms. Raines passing a pre-employment medical examination by USHW at the USHW facility located in Carlsbad, CA.

34.     On or about March 7, 2018, at Front Porch's direction, Ms. Raines attended the required pre-employment medical examination at USHW.  During the medical examination, Ms. Raines was directed by the USHW medical staff to fill out the Health History Questionnaires and intake form, including the Impermissible Non-Job-Related Questions.  She

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

7

was also directed to sign a form titled AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION TO EMPLOYER, which she did.

35. The Health History Questionnaires and their components and the intake form are intrusive, overbroad and unrelated to Ms. Raines's ability to perform the functions of her offered position as a Food Service Aide I.

36. Ms. Raines reluctantly answered all of the Impermissible Non-Job-Related Questions and verbal follow up by a USHW physician assistant, except the specific Impermissible Non-Job-Related Question about the date of her last menstrual period. Ms. Raines objected to such question on the grounds that it had nothing to do with the job duties and was particularly private information.

37. In response to Ms. Raines declining to provide the date of her "Last menstrual period," she was threatened by USHW staff members, the USHW physician immediately terminated the examination and USHW forced Ms. Raines to leave the premises.

38. Shortly after Ms. Raines left the USHW facility, Front Porch verbally told Ms. Raines that it was revoking the job offer because Ms. Raines had refused to answer questions about her menstrual cycle.

39. During this conversation, Front Porch's Human Resources manager informed Ms. Raines that everyone, including the Human Resources manager herself, had to answer the exact same questions Ms. Raines had been asked.

40. Ms. Raines was over the age of 40 as of March 2018.

## FACTS SPECIFIC TO PLAINTIFF FIGG

41. In or about early January 2018, Mr. Figg, a man, applied to serve as a member of the Volunteer Communication Reserve of the San Ramon Valley Fire Protection District ("SRF").

42. On or about January 10, 2018, SRF made a conditional offer of employment to Mr. Figg. As part of the hiring process, SRF conditioned such offer upon Mr. Figg passing a pre-employment medical examination. Mr. Figg was directed by SRF to undergo the pre-employment medical examination at USHW.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

**SECOND AMENDED COMPLAINT - Case No: 37-2018-00053708-CU-CR-CTL**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

43.     On or about January 18, 2018, Mr. Figg attended the required pre-employment medical examination at a USHW facility located in Pleasanton, CA.  During the medical examination, Mr. Figg was directed by USHW staff to fill out the Health History Questionnaires and intake form, including the Impermissible Non-Job-Related Questions.  Mr. Figg complied.  On information and belief, he was also directed to sign a form titled AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION TO EMPLOYER, which he did.

44.     The Health History Questionnaires and their components and the intake form were intrusive, overbroad and unrelated to Mr. Figg's ability to perform the functions of the offered position in the Volunteer Communication Reserve.

45.     Mr. Figg reluctantly answered all of the Impermissible Non-Job-Related Questions.  He found many of the Impermissible Non-Job-Related questions asked on the Health History Questionnaires to be inappropriate and inapplicable.  Because Mr. Figg completed the Health History Questionnaires and answered the Impermissible Non-Job-Related Questions, he was seen by a USHW physician and was allowed to complete the remaining portions of the examination.

46.     Mr. Figg was deemed "Medically acceptable for the position offered" by USHW.

47.     On or about February 15, 2018, SRF hired Mr. Figg for the offered position with the Volunteer Communication Reserve.

48.     Mr, Figg was over the age of 40 as of January 2018.

## AGENCY AND AIDING AND ABETTING

49.      USHW is, and at all times relevant during the Class Period was, acting as an agent of Front Porch, SRF and each other employer which sent Class Members for medical examinations to USHW in the State of California.  USHW therefore is and was an "employer" as defined by California Government Code (hereafter "Govt Code") § 12926(d) and therefore subject to the California Fair Employment and Housing Act ("FEHA" - Government Code §12940, *et seq.*).  Likewise, by the actions alleged above, USHW at all times relevant aided

9

and abetted, and continues to aid and abet, all such employers in violating FEHA and is therefore liable under FEHA.

50. Front Porch, and every other person which employs five or more employees in the State of California which sent and/or sends Class Members to USHW for medical examinations, are employers subject to FEHA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

51. On or about August 28, 2018, Ms. Raines filed a Complaint with the California Department of Fair Employment and Housing ("DFEH" - No. 201803-01557514) against USHW for harassment, discrimination, improper questions and retaliation, and received a Right to Sue notice. On or about March 21, 2019, Plaintiffs took the deposition of Susan Radoff, the USHW physician assistant who examined Ms. Raines. Ms. Radoff's testimony revealed that USHW systematically requires that every job applicant sent by any employer to USHW in the State of California for a medical examination answer the Impermissible Non-Job-Related Questions and that Ms. Radoff conducts approximately 20 such pre-hire examinations a week. Accordingly, based on that discovery and out of an abundance of caution and while unnecessary to do so, on or about May 8, 2019, Ms. Raines filed an Amended Complaint with the DFEH against USHW expressly to allege, in addition to plaintiff Kristina Raines, the claims on behalf of all other similarly situated Class Members (which includes Plaintiff Darrick Figg) and received a Right to Sue notice. Thus, Plaintiffs have exhausted all administrative remedies for themselves and the Class.

## CLASS ALLEGATIONS

52. Plaintiffs bring this lawsuit as a class action on behalf of themselves individually and all similarly situated current and former job applicants pursuant to Federal Rule of Civil Procedure 23. The proposed Class is comprised of all applicants for employment in the State of California requested to respond to standardized Impermissible Non-Job-Related Questions at USHW within the Class Period ("Class Members" or the "Class"). Plaintiffs reserve the right to name additional Class and Sub-Class representatives

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

10

and to identify additional subclasses as necessary and appropriate. (The term "Class" hereafter also includes the term "Sub-Class.")

53.     The Class Period is defined as the period commencing on the date that is within four (4) years prior to the filing of this action and ending at the time this action proceeds to final judgment or settles (the "Class Period").

54.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Defendants, their subsidiaries, their officers, directors, managing agents and members of those persons' immediate families, the Court, Court personnel, and legal representatives, heirs, successors or assigns of any excluded person or entity are excluded from the Class.

55.     **Numerosity**. The Class for whose benefit this action is brought is so numerous that joinder of all Class Members is unfeasible and impracticable. While Plaintiffs do not presently know the exact number of Class Members, Plaintiffs are informed and believe that the entire Class consists of at least tens of thousands of job applicants and that those Class Members can be readily determined and identified through Defendants' files and other documents maintained by Defendants and, if necessary, appropriate discovery.

56.     **Typicality**. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs, like all Class Members, were requested to respond to the standardized Impermissible Non-Job-Related Questions at USHW. Furthermore, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of unfair and/or unlawful conduct resulting in injury to all members of the Class.

57.     **Commonality**. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members. Issues of law and fact common to the Class include:

    a.     Whether Defendants requested Class Members to respond to
           Impermissible Non-Job-Related Questions;

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

b.    Whether the Impermissible Non-Job-Related Questions violate the FEHA;

c.    Whether the Impermissible Non-Job-Related Questions violate the Class Members' privacy rights;

d.    Whether Defendants required that Class Members sign an unlawful authorization to disclose protected health information to the employer;

e.    Whether USHW is subject to and violated Civil Code § 51;

f.    Whether USHW was an agent of Front Porch and SRF and all other employers who referred and/or refer Class Members to USHW for medical examinations and therefore subject to liability under FEHA;

g.    Whether USHW aided and/or abetted Front Porch and SRF and all other employers who referred and/or refer Class Members to USHW for medical examinations under Govt. Code § 12940 and therefore subject to liability under FEHA (Govt. Code § 12940(i));

h.    Whether USHW violated the Confidentiality Of Medical Information Act (Civil Code §56.10);

i.    Whether Defendants by way of the conduct alleged herein, engaged in unfair acts or practices in violation of California unfair competition practices laws including, but not limited to, California Business & Professions Code § 17200, *et seq.*, for which Class Members are entitled to recover;

j.    Whether Class Members have been damaged by Defendants' actions or conduct;

k.    Whether Class Members are entitled to statutory damages under Civil Code §52;

l.    Whether Class Members are entitled to statutory damages (compensatory and/or nominal) and civil penalties and fines under Civil Code §§ 56.35 and 56.36;

**SECOND AMENDED COMPLAINT - Case No: 37-2018-00053708-CU-CR-CTL**

m.      Whether Class Members are entitled to nominal damages;

n.      The effect upon and the extent of injuries suffered by the Class and the appropriate amount of compensation;

o.      Whether declaratory and injunctive relief are appropriate to curtail Defendants' conduct as alleged herein; and

p.      Whether Defendants acted with malice, oppression and/or fraud thereby justifying the award of punitive damages;

q.      Whether Defendants operated and/or controlled the USHW facilities where class members were examined and/or administered such examinations and/or are otherwise responsible for the conduct alleged in this action;

r.      Whether defendants are the alter ego of one another; and

s.      Whether some or all of the defendants constitute a single enterprise.

58.     **Adequacy**.  Plaintiffs will fairly and adequately represent the interests of the Class and have no interests adverse to or in conflict with other Class Members.  Plaintiffs' retained counsel will vigorously prosecute this case, have previously been designated class counsel in cases in the State and Federal courts of California, and are highly experienced in employment law, class and complex, multi-party litigation.

59.     **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all Class Members is impracticable, and a class action will reduce the risk of inconsistent adjudications or repeated litigation on the same conduct.  Further, the expense and burden of individual lawsuits would make it virtually impossible for Class Members, Defendants, or the Court to cost-effectively redress separately the unlawful conduct alleged.  Thus, absent a class action, Defendants would unjustly retain the benefits of their wrongdoings.  Plaintiffs know of no difficulties to be encountered in the management of this action that would preclude its maintenance as a class action, either with or without sub-classes.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

60.     Adequate notice can be given to Class Members directly using information maintained in Defendants' records, or through notice by publication.

61.     Accordingly, class certification is appropriate under Code of Civil Procedure § 382.

### FIRST CAUSE OF ACTION
### VIOLATION OF FEHA (GOVT CODE § 12940(d), (e))
### (Class Against all Defendants)

62.     Plaintiffs re-allege and incorporate by this reference the foregoing allegations as though fully set forth herein.

63.     The FEHA (Govt Code §12940, *et seq.*) provides that the following constitute unlawful employment practices:

a.     Section 12940(d) – which prohibits employers from circulating or causing to be printed any publication, or to make any non-job-related inquiry of an employee or applicant, either verbal or through use of an application form, that expresses, directly or indirectly, any limitation, specification, or discrimination as to physical disability, mental disability, medical condition, sex, gender, age, sexual orientation, or any intent to make any such limitation, specification, or discrimination; and

b.     Section 12940(e) – which prohibits employers as to a job applicant from requiring any medical or psychological examination or making any medical or psychological inquiry or any inquiry whether he or she has a mental or physical disability or medical condition or the nature and severity thereof, after a conditional job offer has been made but prior to the commencement of employment duties "*unless the examination or inquiry is job related and consistent with business necessity*" (emphasis added).

64.     As alleged above, Defendants, and each of them, are employers under FEHA, and have engaged, and on information and belief, continue to engage, in a continuing and ongoing pattern and practice of unlawfully violating the foregoing FEHA sections by requiring that Class Members answer Impermissible Non-Job-Related Questions.  These inquiries are neither job related nor consistent with business necessity.  These questions also express, directly or indirectly, limitation, specification or discrimination as to physical and/or mental

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

14

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

disability, medical condition, sex, gender and/or sexual orientation, and/or an intent to do so. In so acting, Defendants and each of them, also aided and abetted Front Porch and SRF and the other employers who have referred Class Members to said defendants for medical examination.

65.    As a proximate result of the acts and conduct of Defendants, and each of them, Plaintiffs and the other Class Members have suffered and continue to suffer damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including but not limited to severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, loss of self-esteem, stress, sleeplessness, nervousness, stigma and diminishment of enjoyment and quality of life.

66.    Said Defendants' actions were malicious and oppressive, and Plaintiffs and the other Class Members are entitled to recover punitive damages from Defendants, and each of them.

### SECOND CAUSE OF ACTION
### VIOLATION OF UNRUH CIVIL RIGHTS ACT – CIVIL CODE § 51
#### (Class Against All Defendants)

67.    Plaintiffs re-allege and incorporate by this reference, the foregoing allegations as though fully set forth herein.

68.    Defendants and each of them, are a business establishment covered by the Unruh Civil Rights Act – Cal. Civil Code § 51, *et seq.* ("UCRA").  The UCRA provides that all persons in California are free and equal, and no matter what, *inter alia*, their sex, disability, medical condition and sexual orientation (hereafter "protected characteristics"), are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever. (UCRA § 51.)  The UCRA further provides that no business establishment shall discriminate against any person in California on account of any perceived protected characteristic.  (UCRA § 51.5.)

69.    During the medical examinations, Class Members are and were asked Impermissible, Non-Job-Related Questions by Defendants' medical staff.  A number of these questions impermissibly seek information about protected characteristics and/or are based

upon the Class Members' perceived protected characteristics, including, for example, questions about the Class Members' age, sex, and weight, whether she or he has or ever had any history of disabilities, mental illness, cancer, tumors, vaginal discharge or penal discharge, HIV status, medications, whether she is pregnant and the date of her last menstrual period.

70.     In doing so, Defendants, and each of them, denied, aided, incited a denial or made a discrimination or distinction contrary to Civil Code §§ 51 and 51.5.

71.     As a direct and proximate result of the above conduct of Defendants, and each of them, Plaintiffs and the other Class Members have and will continue to suffer damages in amounts not yet fully ascertained, including but not limited to the following:

   a. past and future pecuniary losses;

   b. loss of other benefits related to the position they were offered by the employer; and

   c. severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, loss of self-esteem, stress, sleeplessness, nervousness, stigma and diminishment of enjoyment and quality of life.

72.     Civil Code § 52 provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 or 51.5 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51 or 51.5.

73.     Defendants' actions were malicious and oppressive, and Plaintiffs and the other Class Members are entitled to recover punitive damages from said defendants, and each of them.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

**SECOND AMENDED COMPLAINT - Case No: 37-2018-00053708-CU-CR-CTL**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

**THIRD CAUSE OF ACTION**
**INTRUSION ON SECLUSION**
**(Class Against All Defendants)**

74.     Plaintiffs re-allege and incorporate by this reference, the foregoing allegations as though fully set forth herein.

75.     The Class Members had a reasonable expectation in the privacy of their personal, private, non-job-related health information.

76.     The Class Members' private affairs include their private, personal and non-job-related health history information.  These are not matters of legitimate public concern or concern by an employer.

77.     By forcing Class Members to disclose their private, personal and non-job-related health history information to obtain employment, Defendants, and each of them, intentionally intruded on and into each respective Class Members' solitude, seclusion or private affairs.

78.     Defendants' intrusions were highly offensive to a reasonable person.

79.     As a direct and proximate result of Defendants' actions, Plaintiffs and the other Class Members have suffered harm, damages and injury in amounts not yet fully ascertained, but in excess of the jurisdictional minimum of this Court, including but not limited to severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, loss of self-esteem, stress, sleeplessness, nervousness, stigma and diminishment of enjoyment and quality of life.

80.     Defendants' actions were malicious and oppressive, and Plaintiffs and the other Class Members are entitled to recover punitive damages from Defendants, and each of them.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF UCL**
**Cal. Bus. & Prof. Code §§ 17200 et seq.**
**(Class Against All Defendants)**

81.     Plaintiffs re-allege and incorporate by this reference, the foregoing allegations as if fully set forth herein.

17

**SECOND AMENDED COMPLAINT** - Case No: 37-2018-00053708-CU-CR-CTL

82.     By their actions described in this Complaint, Defendants, and each of them, have committed unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code § 17200 et seq. (the "UCL").

83.     These unlawful, unfair and/or fraudulent business practices affected Plaintiffs and all other Class Members and included, but were not limited to, the following illegal practices:

a.      Requiring that Class Members disclose intimate and sensitive medical and other personal information by asking Impermissible Non-Job-Related Questions, which have no job-related, business necessity justification and/or which are related to or based upon perceived protected characteristics, in violation of the California Constitution, Civil Code §§ 51 and 56.10, the FEHA and Class Members' privacy rights; and

b.      Unlawfully requiring that Class Members sign authorizations permitting disclosure of medical information which was unlawfully obtained by asking Impermissible Non-Job-Related Questions, in violation of the California Constitution, Civil Code §§ 51 and 56.10, the FEHA and Class Members' privacy rights.

84.     The conduct of Defendants, and each of them, as described herein has been anti-competitive and injurious to Defendants' competitors who complied with the laws and policies violated by Defendants, as Defendants' conduct provided an unfair and illegal advantage in the marketplace.

85.     The foregoing conduct by Defendants, and each of them, has injured Plaintiffs and each Class Member.

86.     Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiffs and the other Class Members are entitled to injunctive and declaratory relief against Defendants' continuation of the unlawful, unfair and/or fraudulent business practices described here, and any additional equitable and relief necessary to remedy the effects of these practices.  As such, Plaintiffs and the other Class Members are entitled to restitution and injunctive relief.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

**SECOND AMENDED COMPLAINT - Case No: 37-2018-00053708-CU-CR-CTL**

87.    As a result of Defendants' conduct, Plaintiffs and the other Class Members are entitled to reasonable attorneys' fees and costs of suit as provided in section 1021.5 of the California Code of Civil Procedure.

88.    As a proximate result of these unlawful, unfair and/or fraudulent business practices, the general public, including deterred and denied applicants, have suffered damages.

89.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and the other Class Members are entitled to the return of the unlawful Health History Questionnaire(s), and/or expungement of medical and personal information from the files maintained by Defendants and the disgorgement of Defendants' profits gained by providing these unlawful examinations.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and on behalf of all other members of the Class defined herein, pray for judgment in their favor and relief against Defendants, and each of them, as follows as appropriate for the above causes of action:

(a)    For an order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

(b)    For injunctive relief restraining further acts of wrongdoing by Defendants;

(c)    For compensatory damages in an amount to be determined at trial;

(d)    For imposition of a constructive trust over all amounts by which Defendants have been unjustly enriched;

(e)    For nominal damages;

(f)    For disgorgement of Defendants' profits;

(g)    For restitution;

(h)    For actual damages and treble damages in an amount not less than $4,000 per class member under Civil Code § 52;

(i)    For punitive and exemplary damages;

(j)    For pre- and post-judgment interest, at the legal rate;

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

(k)    For attorneys' fees and costs, including but not limited to fees and costs pursuant to California Code of Civil Procedure § 1021.5, Civil Code §§ 52, 56.35 and 56.36 and Government Code §12965(b);

(l)    All related costs of this suit; and

(n)    For all such other and further relief as the Court may deem just, proper and equitable.

Dated: February 19, 2020                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By /s/ R. Scott Erlewine
R. Scott Erlewine
Nicholas A. Carlin
Brian S. Conlon
Kyle P. O'Malley
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs, and each of them, hereby request a trial by jury of all issues so triable.

Dated:  February 19, 2020                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By /s/ R. Scott Erlewine
R. Scott Erlewine
Nicholas A. Carlin
Brian S. Conlon
Kyle P. O'Malley
Attorneys for Plaintiffs

20