UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA RAINES and DARRICK FIGG, individually and on behalf of all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, a corporation; U.S. HEALTHWORKS, INC., a corporation; SELECT MEDICAL HOLDINGS CORPORATION, a corporation; SELECT MEDICAL CORPORATION, a corporation; CONCENTRA GROUP HOLDINGS, LLC, a corporation; CONCENTRA, INC., a corporation; CONCENTRA PRIMARY CARE OF CALIFORNIA, a medical corporation; and DOES 4 and 8 through 10, inclusive<br><br>Defendant. | Case No.: 19-cv-1539-DMS-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Pending before the Court is Defendant U.S. Healthworks Medical Group's ("USHW") motion to dismiss, or in the alternative, motion to strike Plaintiffs Kristina Raines and Darrick Figg's Second Amended Complaint ("SAC"). (ECF No. 81). Plaintiffs

1

filed a response in opposition to Defendants' motion, and Defendants filed a reply. For the reasons discussed below, the Court grants Defendants' motion.

## I.

## BACKGROUND

In March of 2018, Plaintiff Kristina Raines applied for a job with Front Porch Communities and Services ("Front Porch"), located in Carlsbad, California. Plaintiff Raines applied for the position of Food Service Aid. Her job description included cleaning and maintaining the work area, transporting trash disposal, and re-stocking dishes, kitchen utensils and food supplies. Front Porch ultimately offered Plaintiff Raines the position, but conditioned the offer on her passing a pre-placement medical examination, which was administered by USHW at its facility in Carlsbad. During the pre-employment medical examination, Plaintiff Raines was directed to complete a standardized health history questionnaire and an intake information form. She was also directed to sign a disclosure form, titled "Authorization to Disclose Protected Health Information to Employer."

Plaintiff Raines alleges USHW's health history questionnaire and the intake information form asked questions that were "intrusive, overbroad, and unrelated to . . . the functions of [the] offered position." (ECF No. 69 at ¶ 35). These questions included whether the applicant had a history of: venereal disease, painful or irregular vaginal discharge, problems with menstrual periods, penile discharge, prostate problems, genital pain or masses, cancer/tumors, HIV, mental illness, disabilities, painful or frequent urination, hemorrhoids, and constipation. Plaintiff Raines alleges she was also asked whether she was pregnant and what prescription medication she took. Plaintiff Raines refused to complete the required forms in their entirety, noting the intrusiveness of the questions asked. In response, a USHW physician terminated the exam. Front Porch ultimately revoked Plaintiff Raines's offer of employment because she refused to complete the medical examination.

Similarly, San Ramon Valley Fire Protection District conditioned Plaintiff Darrick Figg's employment in the Volunteer Communication Reserve on him passing a pre-

employment medical examination, also administered by USHW.  Just like Plaintiff Raines, Plaintiff Figg was directed to complete the same health history questionnaire and intake information form and to sign the same disclosure form.  Unlike Plaintiff Raines, Plaintiff Figg answered all the questions and was ultimately employed by the San Ramon Valley Fire Protection District.

Based on these alleged facts, Plaintiff Raines filed suit against Front Porch and USHW in California state court.  Upon removal to this court, Plaintiff Raines settled with Front Porch and filed the SAC.  In the SAC, Plaintiffs Raines and Figg claim, individually and on behalf of all putative class members, USHW's medical examinations (1) violated the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.*; (2) violated the Unruh Civil Rights Act ("Unruh"), Cal. Civil Code § 51, *et seq.*, (3) intruded on Plaintiffs' seclusion; and (4) violated the California Business & Professions Code ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*  Along with USHW, Plaintiffs added Select Medical Holdings Corporation, Concentra Group Holdings, LLC, U.S. Healthworks, Inc., Concentra, Inc., and Concentra Primary Care of California as Defendants.  Plaintiffs seek injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs.  USHW now moves to dismiss Plaintiffs' SAC.

## II.
## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."  *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough

facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.

## DISCUSSION

Plaintiffs allege USHW's medical examination health history questionnaire and intake form asked intrusive and overbroad questions in violation of California state law. More specifically, Plaintiffs allege USHW questions violated the FEHA, Unruh, and UCL and amounted to an invasion of privacy by "intrusion upon seclusion." USHW contends Plaintiffs' FEHA claim must fail because USHW is not an 'agent' of Plaintiffs' employers, Plaintiffs' Unruh claim must fail because Plaintiffs allege all actions were taken in the employment context, and Plaintiffs do not allege facts sufficient to state a claim for intrusion upon seclusion. Moreover, Defendants argue that because Plaintiffs' UCL is derivative of Plaintiffs' other causes of action, it must also fail. The Court addresses these arguments in turn.

**A. Plaintiffs Do Not Adequately Plead A FEHA Claim**

Plaintiffs allege Defendants required putative class members to answer impermissible questions, or questions that were not related to and inconsistent with their prospective jobs, in violation of FEHA, Cal. Gov't Code § 12940 *et seq*. Plaintiffs predicate USHW's liability on its alleged status as 'agent' of Plaintiffs' employers. USHW argues there is no legal or factual support for finding it was an 'agent' of Plaintiffs' employers and even if it was an 'agent,' FEHA does not provide a path for liability against a non-employer.

FEHA establishes "a civil right to be free from job discrimination based on certain classifications including . . . race, religious creed, color, national origin, ancestry, physical disability . . . and sex." *Vernon v. State of California*, 10 Cal. Rptr. 3d 121, 127 (Cal. Ct.

App. 2004) (internal quotation omitted). Although FEHA provides that an employer "may require a medical or physical examination . . . of a job applicant after an employment offer has been made," it requires the examination to be tailored to the specific employment position offered and "consistent with business necessity." Cal. Gov't Code § 12940(e)(3); *see also Rodriguez v. Walt Disney Parks & Resorts U.S., Inc.*, No. 2018 WL 3201853, at *4 (C.D. Cal. June 14, 2018) (noting that FEHA regulations "require tailoring for medical inquires, stating that an inquiry is job-related if it is tailored to assess the employee's ability to carry out the essential functions of the job") (internal quotation omitted).

FEHA predicates liability for employment discrimination on the status of the defendant as the claimant's employer. *See id.* ("An employer or employment agency may require . . . ."); *see also Vernon*, 116 Cal. App. 4th at 126 (noting that FEHA prohibits only an employer from engaging in discrimination). An employer is defined as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ." Cal. Gov't Code § 12926(d).

Plaintiffs allege USHW acted as an agent of Plaintiffs' employers when it conducted the medical examinations at issue. As such, Plaintiffs contend USHW was an employer under California law. In support, Plaintiffs cite *Laird v. Capital Cities/ABC, Inc.*, 80 Cal. Rptr. 2d 454, 463 (Cal. Ct. App. 1998), which notes that under California law, "[a]n agent . . . is one who represents another, called the principal, in dealings with third persons." (Internal quotations omitted). Under *Laird*, Plaintiffs argue USHW is an agent of Plaintiffs' employers.

There are two problems with Plaintiffs' argument. First, Plaintiffs do not provide sufficient facts to plead USHW is an agent of Front Porch or San Ramon Fire Protection District. Given Plaintiffs allegations, it does not appear USHW represented Front Porch or San Ramon Fire Protection District in any dealings with third persons. Plaintiffs allege merely that USHW conducted their medical examinations, not that USHW represented Plaintiffs' employers, withheld or threatened to withhold Plaintiffs' employment, contracted with Plaintiffs on behalf of their employers, or even received guidance from

Plaintiffs' employers regarding the medical examination. Plaintiffs, therefore, do not sufficiently plead that USHW was an agent of Plaintiffs' employers.

The second problem with Plaintiffs' argument is that even if Plaintiffs properly alleged USHW was an agent of their employers, it appears FEHA liability would not extend to USHW. In *Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741, 747–48 (Cal. Ct. App. 1996), a California Court of Appeal examined the 'agent' language included in the state law definition of 'employer.' The court noted that there were "[t]wo alternative constructions [of the definition] available." *Janken*, 53 Cal. Rprt. at 747. The first construction is "that by this ['agent'] language[,] the Legislature intended to define every supervisory employee in California as an 'employer' . . . ." *Id.* The second construction is "that by the inclusion of the 'agent' language the Legislature intended only to ensure that *employers* will be held liable if their supervisory employees take actions later found discriminatory, and that *employers* cannot avoid liability by arguing that a supervisor failed to follow instructions." *Id.* (emphasis in original). The court concluded that the second construction—the narrower interpretation of 'agent'—was the correct construction. *Id.* at 748 ("The 'clear and growing consensus' of courts which have considered the effect of such 'agent' language . . . is that this language was intended *only* to ensure that employers would be held liable for discrimination by their supervisory employees.") (emphasis added). The court concluded that the 'agent' language therefore did not "create personal liability for supervisory employees." *Id.* at 750; *see also Reno v. Baird*, 957 P.2d 1333 (Cal. 1998) (adopting the *Janken* court's analysis).

Here, Plaintiffs argue for an even *broader* construction of the 'agent' language than the construction dismissed in *Janken*. Plaintiffs' construction extends liability to any separate, third-party entity that contracts with an employer, despite the entity's complete lack of control over any individual's employment status. The Court is unable to find and Plaintiffs have not cited any authority to support such a broad extension of liability under FEHA. Instead, the cases dealing with FEHA are concerned with limiting application of FEHA to direct employers. *See Jones v. Lodge At Torrey Pines P'ship*, 177 P.3d 232 (Cal.

2008) (holding that an employer may be liable for retaliation under FEHA, "but nonemployer individual may not be held personally liable for their role in that retaliation"); *Reno*, 957 P.2d at 1348; *Janken*, 53 Cal. Rptr. 2d at 78.  The Court, therefore, is not persuaded USHW may be held liable as an 'agent' of Plaintiffs' employers as a matter of law.  Plaintiffs' FEHA claim is accordingly dismissed.[1]

**B. Plaintiffs Do Not Adequately Plead An Unruh Violation**

Plaintiffs allege the questions asked during their medical examinations sought "information about protected characteristics" and were "based upon [Plaintiffs'] perceived protected characteristics."  (ECF No. 69 at ¶ 69).  Plaintiffs allege this amounted to discrimination in violation of Unruh.  USHW contends that because Plaintiffs allege all actions were taken in the employment context, Unruh does not apply.  Furthermore, USHW argues that even if Plaintiffs alleged the medical examinations were performed outside of the employment context, Plaintiffs fail to allege facts sufficient to state a discrimination claim.

Unruh guarantees all persons in California, regardless of sex or disability, "the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civil Code § 51(b).  The California Supreme Court has "consistently held that "[Unruh] must be construed liberally in order to carry out its purpose."  *White v. Square*, 446 P.3d 276, 279 (Cal. 2019) (citing *Angelucci v. Century Supper Club*, 158 P.3d 718 (Cal. 2007)).  At the same time, courts "have acknowledged that 'a plaintiff cannot sue for discrimination in the abstract, but must actually suffer the discriminatory conduct.'"  *Id.* (citing *Angelucci*, 158 P.3d at 726).  More

---

[1] In their SAC, Plaintiffs allege "USHW at all times relevant aided and abetted, and continues to aid and abet, all such employers in violating FEHA and is therefore liable under FEHA."  (ECF No. 69 at ¶ 49).  Plaintiffs, however, note in their response to USHW's motion that they are "no longer pursuing a FEHA claim based on aiding and abetting."  (ECF No. 85 at 23 n.11).  Accordingly, the Court declines to address the merits of Plaintiffs' aiding and abetting claim.

specifically, "the plaintiff must be able to allege injury—that is, some invasion of the plaintiff's legally protected interests." *Angelucci*, 158 P.3d at 726–27 (internal quotations omitted). Furthermore, Unruh "has no application to employment discrimination." *Rojo v. Kliger*, 801 P.2d 373, 380 (Cal. 1990) (citing *Alcorn v. Anbro Engineering, Inc.*, 468 P.2d 216, 219–20 (Cal.1970)); *see also Isbister v. Boys' Club of Santa Cruz, Inc.*, 707 P.2d 212, 219 n.12 (Cal. 1985) (noting that Unruh does not cover discrimination within "the employer-employee relationship). Instead, Unruh's application is confined to discrimination against recipients of a business establishment's goods, services, or facilities. *See Ibister*, 707 P.2d at 219.

In their SAC, Plaintiffs allege USHW "at all times relevant" was "acting as an agent of Front Porch, [San Ramon Fire Protection] and each other employer which sent [putative class members] for medical examinations to USHW." (ECF No. 69 at ¶ 49). In their response to USHW's motion to dismiss, however, Plaintiffs contend their Unruh claim was plead in the alternative to Plaintiffs' FEHA claim. (ECF No. 85 at 12–13). In other words, Plaintiffs allege that for the purposes of their Unruh claim, USHW is a business establishment and they are its patrons or customers. (*Id.* at 13).

To the extent that Plaintiffs' discrimination claim exists in the employer-employee context, it must be dismissed. It is well settled law that Unruh is not applicable in this context. *See* Cal. Civil Code § 51(b); *see also Rojo*, 801 P.3d at 380 ("[T]he Unruh Civil Rights Act has no application to employment discrimination."); *Alcorn*, 468 P.2d at 220 (same). To the extent that Plaintiffs' discrimination claim exists in the business-patron context, Plaintiffs' factual allegations are lacking. Plaintiffs fail to allege in their SAC that USHW discriminated against them as customers or invaded their legally protected interests. Plaintiffs do not allege that in asking the impermissible questions, USHW deprived them of goods, services, or facilities. Although Plaintiff Raines did suffer an injury—her offer of employment was rescinded—it was not at the hands of USHW, but rather at the hands of Front Porch. Accordingly, Plaintiffs' Unruh claim is dismissed.

/ / /

### C. Plaintiffs Do Not Adequately Plead Intrusion Upon Seclusion

Plaintiffs allege they had "a reasonable expectation in the privacy of their personal, private, non-job-related health information[,]" and USHW's questions intentionally intruded upon their seclusion in a manner that would be considered "highly offensive to a reasonable person." (ECF No. 69 at ¶¶ 75, 78). Defendants contend that a medical professional asking a patient medical questions in a medical setting does not amount to intrusion upon seclusion, especially given the voluntary nature of the examination.

Intrusion upon seclusion is one of the four categories of the tort of invasion of privacy under California law. *See Cruz v. Nationwide Reconveyance, LLC*, No. 15cv2082. 2016 WL 127585, at *3 (S.D. Cal. Jan. 11, 2016) (noting that the other three categories are (1) public disclosure of private facts, (2) false light, and (3) appropriation of name or likeness). "Under California law, the essential elements of an intrusion upon seclusion claim are as follows: '(1) [t]he defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the plaintiffs; (2) [t]he intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person; and (3) [t]he intrusion caused plaintiff to sustain injury, damage, loss or harm." *Rowland v. JPMorgan Chase Bank, N.A.*, No. 14-00036, 2014 WL 992005, at *11 (N.D. Cal. Mar. 12, 2014) (quoting Cal. BAJI 7.20).

Plaintiffs do not satisfy either of the first two elements of an intrusion upon seclusion claim. Plaintiff does not allege the kind of harassing, persistent, or highly offensive behavior that courts have required for intrusion upon seclusion claims. *See Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1185 (S.D. Cal. 2010) (denying defendant's motion to dismiss because allegations of 380 calls—at a rate of five to ten times per day— to collect a debt was sufficient to state a claim for intrusion upon seclusion); *Miller v. Nat'l Broad. Co.*, 232 Cal. Rptr. 668 (Cal. Ct. App. 1986) (finding facts sufficient to state an intrusion upon seclusion claim where a television crew filmed a man dying in his private home without gaining permission from him or his wife); *Noble v. Sears, Roebuck & Co.*, 109 Cal. Rptr. 269 (Cal. Ct. App. 1973) (finding facts sufficient to state an intrusion upon

seclusion claim where an investigator hired by the defendant in a personal injury suit gained admission to the plaintiff's hospital room and, through deception, obtained evidence). Instead, Plaintiffs' allegations illustrate a routine medical examination performed by a medical professional in a standard medical facility. Although Plaintiffs allege the questions asked were impermissible given that Plaintiffs' employment were conditioned on the medical examinations, Plaintiffs fail to show that these questions were highly offensive to a reasonable person. In fact, a reasonable person would expect questions concerning his or her medical history during a medical examination. Plaintiffs' intrusion upon seclusion claim is therefore dismissed.

**D. Plaintiffs' UCL Claim Must Fail**

Plaintiffs allege USHW "committed unfair, unlawful, and/or fraudulent business practices" in violation of the UCL when USHW's medical professionals performed the pre-employment medical examinations. (ECF No. 69 at ¶ 82). USHW argues Plaintiffs' UCL claim lacks a predicate violation and as such, cannot survive.

The UCL allows a court to enjoin any person who engages in "unfair competition," which "include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Here, Plaintiffs allege USHW's actions violated all three of the UCL's prongs—it was unlawful, unfair, and fraudulent. Plaintiffs' factual allegations, however, focus only on the first prong: unlawfulness. Plaintiffs do not include any allegations concerning the unfairness or fraudulent nature of USHW's actions. Therefore, Plaintiffs' UCL claim must be considered as a claim premised on unlawfulness.

Under the UCL, an "unlawful" business practice "is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law." *Martinez v. Welk Grp.*, 907 F. Supp. 2d 1123, 1139 (S.D. Cal. 2012). "The UCL borrows violations from virtually any state, federal, or local law" and makes them independently actionable. *Aguilar v. Boulder Brands, Inc.*, No. 12CV01862, 2013 WL 2481549, at *4 (S.D. Cal. 2013) (internal citations omitted). Here, Plaintiffs' SAC does not allege an act or practice

that violates law, and thus, fails to state a claim upon which relief may be granted. The Court, therefore, finds that Plaintiffs have not adequately alleged a claim against USHW for "unlawful" conduct in violation of the UCL.

### E. Leave To Amend

Generally, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation omitted). Here, Plaintiffs should be afforded an opportunity to attempt to cure the deficiencies in their SAC. Accordingly, the Court grants Plaintiff leave to amend.

## IV.
## CONCLUSION

For the foregoing reasons, USHW's motion to dismiss is granted without prejudice. Plaintiffs' may file their Third Amended Complaint within 30 days of this order.

**IT IS SO ORDERED**.

Dated: July 7, 2020

Hon. Dana M. Sabraw
United States District Judge