FILED

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTINA RAINES; DARRICK FIGG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. HEALTHWORKS MEDICAL GROUP, a corporation; et al., <br><br> Defendants-Appellees. | No.   21-55229 <br><br> D.C. No. 3:19-cv-01539-DMS-DEB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted January 12, 2022
Submission withdrawn March 16, 2022
Resubmitted October 13, 2023
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  RAWLINSON and R. NELSON,[**] Circuit Judges, and RAKOFF,[***] District Judge.

Kristina Raines and Darrick Figg (Appellants) appeal the district court's dismissal of their third amended complaint in their putative class action brought against U.S. Healthworks Medical Group and others (Appellees).  Appellants alleged that Appellees violated the California Fair Employment and Housing Act (FEHA), Unruh Civil Rights Act, California Business & Professions Code (UCL) § 17200, and committed invasion of privacy by intrusion upon seclusion when asking intrusive and impermissible questions in a pre-employment health questionnaire.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**1.** The district court held that although Appellants adequately alleged that Appellees were agents of prospective employers, the FEHA did not impose direct liability on Appellees as agents of the employers.

Following oral argument, we certified to the Supreme Court of California the question whether the FEHA permits a business entity acting as an agent of an

---

[**]   Judge R. Nelson was drawn to replace Judge Watford on the panel following his departure from the court.  Ninth Circuit General Order 3.2.h.  Judge R. Nelson has read the briefs, reviewed the record, and listened to oral argument.

[***]   The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

employer to be held directly liable for employment discrimination. *See Raines v. U.S. Healthworks Med. Grp.*, 28 F.4th 968, 969 (9th Cir. 2022); *see also* Cal Gov't Code § 12926(d) (defining "employer" to include "any person acting as an agent of an employer"). We observed that the Supreme Court of California has twice "exempt[ed] *individuals* acting as agents of an employer from liability," but has not ruled in the context of an agent that is a business entity. *Raines*, 28 F.4th at 971–72 (citing *Reno v. Baird*, 957 P.2d 1333 (Cal. 1998) and *Jones v. Lodge at Torrey Pines P'ship*, 177 P.3d 232 (Cal. 2008)) (emphasis in the original).

The Court accepted our request for certification and issued a published opinion. *See Raines v. U.S. Healthworks Med. Grp.*, 534 P.3d 40 (Cal. 2023). The Court concluded that under § 12926(d), "an employer's business entity agents can be held directly liable under FEHA for employment discrimination in appropriate circumstances when the business-entity agent has at least five employees and carries out FEHA-regulated activities on behalf of an employer." *Id.* at 41. The Court clarified that the policy concerns expressed in *Baird* and *Jones* are "absent or much diminished" in a case involving a business-entity agent. *Id.* at 44.

In keeping with the decision from the Supreme Court of California in answer to our certified question, and with the district court's determination that Appellees

are agents of the prospective employers, we reverse the dismissal of Plaintiffs' FEHA claim.

**2.** We affirm the district court's dismissal of Appellants' claim brought under the Unruh Act. The Unruh Act claim fails because the health questionnaire is facially neutral. *See Turner v. Ass'n of Am. Med. Colls.*, 167 Cal.App.4th 1401, 1408 (2008) ("A policy that is neutral on its face is not actionable under the Unruh Act. . . ."). The health questionnaire asks all prospective employees the same questions, and any disparate impact deriving from an individual being prompted to disclose a disability, does not constitute a violation of the Unruh Act. *See id.* Finally, Appellants fail to provide any legal support for their argument that questions soliciting biologically appropriate health history constitute discrimination.

**3.** We also affirm the district court's dismissal of Appellants' claim alleging intrusion upon seclusion. Appellants failed to allege that the health exam was "highly offensive to a reasonable person," as is required to allege a viable claim for intrusion upon seclusion. *Shulman v. Group W. Prods., Inc.*, 955 P.2d 469, 490 (Cal. 1998). A questionnaire prompting prospective employees to provide medical information, with the opportunity to decline to answer, does not rise to the required level of intrusion. *See id.* at 494 ("[A]sking questions of people

with information (including those with confidential or restricted information) could rarely, if ever, be deemed an actionable intrusion.") (citations omitted).[1]

**AFFIRMED in part, and REVERSED in part.**

---

[1] Appellants do not appeal the dismissal of their UCL claim.