R. SCOTT ERLEWINE (State Bar No. 095106)
DAVID M. GIVEN (State Bar No. 142375)
BRIAN S. CONLON (State Bar No.
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA  94129
Telephone:  415-398-0900
Fax:           415-398-0911
Email:        rse@phillaw.com
                 dmg@phillaw.com
                 bsc@phillaw.com

LIGHT & MILLER, LLP
Michael Miller (SBN 269743)
Christopher Light (SBN 270449)
8880 Rio San Diego Dr., Suite 800
San Diego, CA 92108
Telephone: (619) 554-8460
Facsimile: (619) 996-7070
Email:  Michael@LightMiller.com
           Chris@LightMiller.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINA RAINES and DARRICK FIGG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, a corporation; et al.,<br><br>Defendants. | Case No: 19CV1539-DMS-DEB<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    July 18, 2025<br>Time:   1:30 p.m.<br>Judge: Hon. Dana M. Sabraw<br>Courtroom: 13A, 13th Floor<br><br>*Filed concurrently with Memorandum of Points and Authorities; Declaration of R. Scott Erlewine; Declaration of Michael T. Miller; [Proposed] Order* |

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

## NOTICE OF MOTION AND MOTION

## TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 18, 2025 at 1:30 PM, or as soon thereafter as the matter may be heard, in Courtroom 13A, 13th Floor of the United States District Courthouse, 333 West Broadway, San Diego, CA 92101, before the Honorable Dana M. Sabraw, Plaintiffs Kristina Raines and Darrick Figg (hereinafter, "Plaintiffs"), on their own and on behalf of the Settlement Class (as defined below), will and hereby do move this Court for an Order: (1) granting preliminary approval of the proposed Settlement Agreement (as defined below); (2) certifying for settlement purposes only the proposed Settlement Class, as defined in the Settlement Agreement; (3) appointing the law firms representing Plaintiffs as Class Counsel representing the proposed Settlement Class; (4) appointing Plaintiffs as Representative Plaintiffs representing the Settlement Class; (5) approving the parties' proposed Notice Plan, including the proposed forms of notice, as set forth in the Settlement Agreement, and directing that notice be disseminated pursuant to such program; (6) appointing Verita Global as the Settlement Administrator, and directing Verita Global to carry out the duties and responsibilities of the Settlement Administrator specified in the Settlement Agreement; (7) approving the procedures set forth in the Settlement Agreement for Settlement Class Members to exclude themselves from the Settlement Class, and/or object to the Settlement Agreement; (8) staying all non-settlement related proceedings in the Action pending final approval of the Settlement Agreement; and (9) scheduling a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved as well as a hearing on Class Counsel's motion for an award of attorneys' fees, costs and Representative Plaintiffs' enhancement awards.

The grounds for this motion are that the Settlement Agreement is within the range of reasonableness to be finally approved as fair, adequate and reasonable in all respects.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Settlement Agreement filed herewith, the accompanying Declarations of R. Scott Erlewine (and exhibits thereto) and Michael T. Miller, the papers and records on file in this Action, and such other written and oral arguments as may be presented at or before the hearing to the Court.

Dated: June 13, 2025                  Phillips, Erlewine, Given & Carlin LLP

                                      By: /s/ R. Scott Erlewine

                                      Attorneys for Plaintiffs

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................8

II.     BACKGROUND............................................................................9

    A.    PROCEDURAL HISTORY .........................................................9

    B.    COUNSEL'S INVESTIGATION AND DISCOVERY ....................12

    C.    SETTLEMENT NEGOTIATIONS ................................................13

III.    TERMS OF THE SETTLEMENT .........................................13

    A.    PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS.................14

    B.    NOMINAL DAMAGES ...........................................................14

    C.    DEFENDANTS' REPRESENTATIONS .......................................14

    D.    INCENTIVE AND SERVICE AWARDS ......................................15

    E.    SETTLEMENT ADMINISTRATION ...........................................*15*

    F.    ATTORNEYS' FEES AND COSTS ............................................15

    G.    RELEASES ...........................................................................15

    H.    NOTICE PLAN ....................................................................15

        1. SETTLEMENT WEBSITE AND NOTICE ................................*16*

        *2*. DIRECT TEXT OR EMAIL NOTICE .....................................*16*

    I.    OPT-OUT PROCEDURE .......................................................16

    J.    OPPORTUNITY TO OBJECT ..................................................17

    K.    PAYMENT OF ATTORNEYS' FEES, COSTS, AND EXPENSES ....17

    L.    INCENTIVE AWARDS FOR REPRESENTATIVE PLAINTIFFS .....18

    M.    RELEASE...........................................................................18

IV.    LEGAL ARGUMENT ............................................................18

    A.    CLASS ACTION SETTLEMENT PROCEDURE............................18

    B.    THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED...............19

    C.    STANDARDS FOR PRELIMINARY SETTLEMENT APPROVAL ...................20

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

D.    THE PROPOSED SETTLEMENT AGREEMENT IS WITHIN THE RANGE OF REASONABLENESS IN LIGHT OF SIGNIFICANT LITIGATION RISKS ........22

1. THE SETTLEMENT IS THE PRODUCT OF NON-COLLUSIVE, ARM'S LENGTH AND INFORMED NEGOTIATIONS ..............................................*22*

2. THE SETTLEMENT PROVIDES FOR A REASONABLE OUTCOME FOR THE CLASS CLAIMS IN LIGHT OF SIGNIFICANT LITIGATION RISKS .............*22*

3. OTHER FACTORS SUPPORT THE REASONABLENESS OF THE SETTLEMENT ........................................................................................*27*

E.    THE PROPOSED NOTICE PLAN SHOULD BE APPROVED ........................28

F.    THE PROPOSED PLAN OF DISTRIBUTION IS FAIR, REASONABLE, AND ADEQUATE ........................................................................................29

G.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE ...30

V.    **CONCLUSION** ...........................................................................**31**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ................................................................29

*Brown v. Mortensen*,
  30 Cal.App.5th 931 (2019) ......................................................25

*Carey v. Piphus*,
  435 U.S. 247 (1978) ................................................................25

*Churchill Village v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ..............................................20, 21

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ............................................18, 20

*Create-A-Card v. Intuit*,
  No. 07-6452, 2009 U.S. Dist. LEXIS 93989 (N.D. Cal. Sept. 22, 2009) ...........22

*Cummings v. Connell*,
  402 F.3d 936 (9th Cir. 2005) ..............................................24, 25

*Ericson v. Playgirl*,
  73 Cal.App.3d 850 (1977) ........................................................24

*Fraley v. Facebook*,
  966 F. Supp. 2d 939 (N.D. Cal. 2013) ........................................18

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..................................................20

*Heidorn v. BDD Mktg.*,
  2013 WL 6571629 (N.D. Cal. 2013) ............................................24

*In re Cathode Ray Tube* (CRT) Antitrust Litig., No. 14-CV-2058 JST,
  2017 WL 565003 (N.D. Cal. Feb. 13, 2017) ..................................21

*In re Citric Acid Antitrust Litig.*,
  145 F. Supp. 2d 1152 (N.D. Cal. 2001) ......................................30

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ..................................................20

*In re Tableware Antitrust Litigation*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ......................................21

*Johnson v. Swinney*,
  996 F.2d 1225 (9th Cir. 1993) ..................................................25

*Linney v. Cellular Alaska*,
  No. 96-3008, 1997 U.S. Dist. LEXIS 24300 (N.D. Cal. July 18, 1997)
  aff'd, 151 F.3d 1234 (9th Cir. 1998) ..........................................22

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

*Officers for Justice v. Civil Serv. Comm'n,*
  688 F. 2d 615 (9th Cir. 1982)................................................................20
*Raines v. U.S. Healthworks,*
  15 Cal.5th 268 (2023) ........................................................................11
*Redding v. Fairman,*
  717 F.2d. 1105, (7th Cir. 1983) ..........................................................25
*Russell v. Rolfs,*
  893 F.2d 1033 (9th Cir. 1990) ............................................................23
*Torrisi v. Tucson Elec. Power,*
  8 F.3d 1370 (9th Cir. 1993)................................................................21
*Vasquez v. Coast Valley Roofing,*
  670 F. Supp. 2d 1114 (E.D. Cal. 2009)..............................................21
*Wiggins v. Rushen,*
  760 F.2d 1009 (9th Cir. 1985) ............................................................25

## Statutes

28 U.S.C. § 1332(d) ...............................................................................10
28 U.S.C. § 1715 .....................................................................................29
Bus. & Prof. Code § 17200 .....................................................................10
Cal. Civ. Code § 1542 .............................................................................15
Cal. Civ. Code § 3294 .............................................................................26
Cal. Gov't Code § 12926(d).....................................................................11
Cal. Govt Code § 12940 ..............................................................8, 10, 18
Civ. Code § 51 ........................................................................................10

## Rules

Fed. R. Civ. P. 23(c)(2)(B) .....................................................................29
Fed. R. Civ. P. 23(e) ...............................................................................18

## Other Authorities

*Manual for Complex Litigation*, § 13.14 at 173 .....................................22
*Manual for Complex Litigation*, §§ 21.63 ..............................................20
*Newberg on Class Actions*, §§ 11.22 .....................................................20

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Kristina Raines and Darrick Figg, on behalf of themselves and all Settlement Class Members (as defined below), respectfully submit for the Court's preliminary approval a proposed Class Action Settlement Agreement (the "Settlement Agreement" filed herewith) resolving this action.  This settlement was reached via a mediator's proposal from the Hon. Daniel E. Butcher.

Pursuant to the terms of the Settlement Agreement: Defendants will pay $1 in nominal damages for each Settlement Class Member (172,070 in number) as a *cy pres* award payable to a recognized charitable organization(s); Defendants represent and warrant they no longer use and will not in the future use the alleged violative Heath History Questionnaire; Defendants will pay the costs of settlement administration; Defendants will pay Incentive and Service Awards to Plaintiffs in the amount of $7,500 apiece subject to court approval; and Plaintiffs are deemed prevailing parties under FEHA and Plaintiff's counsel is entitled to recover reasonable attorneys' fees and costs under FEHA in an amount to be determined by a motion to the Court.

The Settlement Agreement will end the case against Defendants for having allegedly systematically conducted pre-placement post-offer medical examinations in California which, via a standardized Health History Questionnaire, made medical inquiries that were not job-related and consistent with business necessity in violation of the California Fair Employment and Housing Act (FEHA - Cal. Govt Code § 12940 et seq.).

The Settlement Agreement is the product of protracted and adversarial litigation, spanning almost seven years and reflected in the case's procedural history before the Court, together with extensive and complex negotiations between and among the parties and their experienced and informed counsel. Included in those negotiations was the involvement of a well-recognized neutral

third-party mediator specializing in employment class actions (Kevin Barnes, Esq.), and two half-day mandatory settlement conferences conducted by the Hon. Daniel E. Butcher.

The Settlement Agreement falls well within the "range of reasonableness" applicable at the preliminary approval stage. Defendants deny they are liable, but do not oppose this motion and will cooperate in the settlement process. Plaintiffs and their undersigned counsel believe the Settlement Agreement to be in the best interests of the Settlement Class Members and wish to begin the court approval process required for all class action settlements. Accordingly, Plaintiffs respectfully request that the Court grant this motion.

## II.    BACKGROUND

### A.    Procedural History

In Feb. 2018, Ms. Raines applied for a food service job at a retirement facility (Front Porch Communities), and was offered a position subject to passing a pre-placement post-offer medical examination at U.S. Healthworks ("USHW"). As part of the exam, Ms. Raines was required to fill out a standardized USHW Health History Questionnaire ("HHQ"), which contained approximately 150 medical inquiries. When she refused to answer one of the questions (the date of her last menstrual period), USHW terminated the exam and as a result the employer withdrew her job offer. Plaintiffs contend that many of the medical inquiries contained in the HHQ violated FEHA's requirement that pre-placement, post-offer medical examinations and inquiries be job-related and consistent with business necessity. (ECF No. 106, at ¶¶ 36-55.)

On Oct. 23, 2018, Ms. Raines filed this action against Front Porch and its alleged agent USHW in San Diego Superior Court. (ECF No. 1-3, Ex. 1.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

Following discovery confirming that Defendant USHW[1] systematically required that all California applicants referred to them by any employer fill out and answer all of the questions on the HHQ, in July 2019, Ms. Raines was granted leave and filed a First Amended Complaint to assert class claims. (Declaration of R. Scott Erlewine ("Erlewine Decl.") at ¶ 11.)

On Aug. 15, 2019, Defendants removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 1.)  In Feb. 2020, Ms. Raines filed a Second Amended Complaint adding Mr. Figg as a plaintiff, dismissing Front Porch, and adding additional USHW and Concentra defendants. (ECF No. 69.)  The SAC asserted class claims for violations of FEHA (Gov. Code § 12940(d-e)), the Unruh Act (Civ. Code § 51 et seq.), intrusion upon seclusion and California's Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.). (ECF No. 69.)

Defendants moved to dismiss the SAC under FRCP 12(b)(6), which the Court granted with leave to amend. (ECF Nos. 81, 102.)  In Aug. 2020, Plaintiffs filed the operative Third Amended Complaint ("TAC"), asserting the same causes of action as the SAC with additional facts. (ECF No. 106.)  Defendants again moved to dismiss.  (ECF No. 110.)  In January 2021, this Court granted the motion under FRCP 12(b)(6) without leave to amend as to the FEHA, Unruh Act, and intrusion upon seclusion claims and with leave to amend as to the claim for violation of the UCL.  (ECF No. 114.)  As to the FEHA claim, the Court held that although "Plaintiffs have sufficiently pled that USHW was an agent of Plaintiffs' prospective employers" (Id. at p. 7:3-4), agents could not be directly liable under

---

[1] During the Class Period, USHW was acquired by Concentra Defendants, which thereafter owned, operated and managed the USHW facilities in California. (ECF No. 106, at ¶¶ 22-25.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

FEHA as a matter of law under existing California Supreme Court precedent (Id. at pp. 8-10).

After Plaintiffs voluntarily dismissed the UCL claim, they timely filed a Notice of Appeal of this Court's order dismissing the TAC. (ECF Nos. 115-117.) The Ninth Circuit heard oral argument and on March 16, 2022, issued an Order certifying the following question to the Supreme Court of California:

> Does California's Fair Employment and Housing Act, which defines "employer" to include "any person acting as an agent of an employer," Cal. Gov't Code § 12926(d), permit a business entity acting as an agent of an employer to be held directly liable for employment discrimination? (ECF No. 120 at p. 5.)

In Aug. 2023, the California Supreme Court unanimously answered that question in the affirmative, concluding that "an employer's business entity agents can be held directly liable under the FEHA." *Raines v. U.S. Healthworks*, 15 Cal.5th 268, 273 (2023) ("*Raines*").  In Oct. 2023, the Ninth Circuit issued a Memorandum reversing dismissal of Plaintiffs' FEHA claim in accordance with *Raines* and affirming dismissal of the remainder. (ECF No. 127.)  The Ninth Circuit issued its Mandate in Nov. 2023. (ECF No. 128.)

On Dec. 11, 2023, this Court held an appeal mandate hearing and discussed, among other things, Plaintiffs' intent to file a motion for class certification as soon as practicable.  (ECF No. 123.)  Defendants answered the TAC on Dec. 29, 2023 in accordance with the Court's order. (ECF Nos. 125, 129.)

In Jan. 2024, Plaintiffs moved for class certification, with supplemental briefing requested by the court.  (ECF Nos. 131, 156, 159.)  Defendants opposed the motion (ECF No. 142) and also filed a *Daubert* motion seeking to disqualify Plaintiffs' expert (ECF No. 143)  In Aug. 2024, the Court granted the motion as to Plaintiff Kristina Raines, certifying nominal and punitive damage claims for a class of 245,000 job applicants who had been presented with the HHQ during their

pre-employment post-offer medical examinations during the class period October 23, 2017 through December 31, 2018 in violation of FEHA.  (ECF No. 162.)[2] The Court also denied without prejudice the *Daubert* motion.  (Id.) Plaintiff Raines opposed, and the Ninth Circuit subsequently denied in Oct. 2024, Defendants' Rule 23(f) appeal of the class certification order.  (ECF Nos. 166, 174.)

## B. Counsel's Investigation and Discovery

Discovery in this case began in Mar. 2019, when Plaintiff took the deposition of Defendants' physician's assistant who interviewed Plaintiff Raines and who confirmed that the HHQ was given to every job applicant.  (Erlewine Decl., at ¶ 11.)  Beginning in latter 2019, Plaintiffs served extensive written discovery, resulting in a multitude of defense objections and numerous meet and confer exchanges with defense counsel. (Id., at ¶¶ 11-12, 15.)  Defendants have produced over 38,000 pages of documents in discovery.  (Id., at ¶ 15.)

Plaintiffs' counsel have thus far taken two PMK depositions of defendants and depositions of both the doctor and the physician's assistant who examined Ms. Raines, and both Plaintiffs have been deposed.  (Id. at ¶ 15.)   This Spring, Plaintiffs scheduled four additional PMK depositions of Defendants and were meeting and conferring on potential stipulations to narrow those depositions at the time the parties set their MSC with Magistrate Judge Butcher. (Id.) Over the course of these proceedings, various discovery disputes made their way to the Court, including at least five conference(s) with Magistrate Judge Michael S. Berg

---

[2] The court denied the certification motion as to Plaintiff Figg, ruling that he lacked standing to assert FEHA claims due to his volunteer position.  (ECF No. 162, pp. 11-13.)  The Parties have nevertheless included Mr. Figg as a Settlement Class Representative because the Court's decision is not final and he underwent a pre-placement post-offer exam, and was presented with the HHQ, during the Class Period. (Erlewine Decl., at ¶ 37.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

(ECF Nos. 37, 40, 44, 54, 62, 66, and 82), and three IDCs and a motion for discovery sanctions with Magistrate Judge Butcher.  (Id., at ¶ 16.)

Plaintiffs' counsel retained an expert on liability, who was deposed by defense counsel.  Defendants retained five experts, one of whom to date was deposed by Plaintiffs' counsel. (Id., at ¶ 17.)  All of these experts submitted declarations in support or opposition to the class certification motion.  (Id., ECF Nos. 131-3; 142-8 -142-12.)

### C.    <u>Settlement Negotiations</u>

The parties first engaged in formal mediated negotiations on Oct. 2, 2024 with Kevin Barnes, Esq., who specializes in class action settlements.  The parties submitted mediation briefs.  When the matter did not settle, the parties engaged in follow up telephone and email communications with Mr. Barnes thereafter, without success.  (Id. at ¶ 19.)

On April 23 and 24, 2025, the Parties participated in two half-day mandatory settlement conferences with Magistrate Judge Butcher.  (Id. at ¶ 21.) The parties exchanged MSC briefs and Defendants provided Plaintiffs with a research memorandum on nominal damages.  At the conclusion of the second day of the MSC, Judge Butcher issued a mediator's proposal, which the parties accepted on May 8, 2025.  Drafting of the settlement agreement consumed another several weeks, with various iterations exchanged between attorneys for the respective parties before reaching the document proffered to the Court for approval.  (Id.)  On June 10, 2025, the parties executed a class action settlement agreement.  (Erlewine Decl., at ¶ 22, Ex. 1.)

## III.    TERMS OF THE SETTLEMENT

The Settlement Agreement resolves the claims of Plaintiffs and the Settlement Class.  The details are contained in the Settlement Agreement, the key terms of which are described below.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

### A.    <u>Provisional Certification of the Settlement Class</u>

Plaintiffs seek provisional certification of a Settlement Class, defined in Section B 22 of the Settlement Agreement.  The proposed Settlement Class includes all job applicants (172,070 in number) who underwent a "basic" post-offer, pre-placement medical examination at a U.S. Healthworks-branded facility in California between October 23, 2017 and December 31, 2018 ("Class Period"). The Class is comprised of all individuals listed in the electronic database covering the Class Period produced by Defendants in this Action, including those examinations which contain the description "basic" in the protocol description and/or the test description categories in the database.  (Id., § B, 4.)

### B.    <u>Nominal Damages</u>

Defendants will pay nominal damages in the amount of $1 for each of the Settlement Class Members as a *cy pres* award payable to a recognized charitable organization(s) selected by Plaintiffs' counsel, which is Legal Aid at Work.  (Id., § D 8, a.)  Legal Aid at Work is a recognized California charitable organization which promotes impact class action employment litigation on behalf of California workers.  https://legalaidatwork.org/our-mission-and-how-we-work.  Legal Aid at Work submitted an *amicus* brief in support of Plaintiffs' appeal with the California Supreme Court in this Action.  (Erlewine Decl., at ¶ 28.)

### C.    <u>Defendants' Representations</u>

Defendants represent and warrant they no longer use the Health History Questionnaire form (HHQ) at issue and agree to not use that form in the future. However, that Defendants currently use (or may use in the future) a form or forms similar to the HHQ at issue, or a form or forms that contain questions that also appear on the HHQ at issue, are not grounds to argue Defendants have breached this representation and warranty.  (Settlement Agreement, § D, 4.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN, LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

### D.    Incentive and Service Awards

Defendants will pay Plaintiffs Kristina Raines and Darrick Figg Incentive and Service Awards in the amount of $7,500 apiece, subject to court approval. (Settlement Agreement, §§ A, 2c; D, 8b.)

### E.    Settlement Administration

The Settlement Administrator shall be Verita Global, which is a nationally recognized class action settlement administrator.  Defendants will pay administrative fees and costs associated with this settlement (e.g., providing notice of settlement to class members) in a reasonable amount to be approved by the Court. (Settlement Agreement, §§ A, 2b; D, 8d.)

### F.    Attorneys' Fees and Costs

Plaintiffs are deemed the prevailing party on their FEHA claim for purposes of Plaintiffs' motion for attorneys' fees and costs only, and Plaintiffs' counsel is entitled to recover reasonable attorneys' fees and costs under FEHA in an amount to be determined by a motion to the Court. (Settlement Agreement, § D, 8c.)

### G.    Releases

Plaintiffs grant Defendants a general release and Cal. Civ. Code § 1542 waiver.  (Settlement Agreement, § D, 16b.)  Plaintiffs and Class Members who do not opt out shall release all claims that were pled or could have been pled based upon the facts in the Action.  (Id., § D, 16a.)  Plaintiffs will dismiss the Action with prejudice upon Court final approval of this class action settlement. (Id., § D, 15.)

### H.    Notice Plan

Pursuant to the proposed notice plan contained in Section D 10 of the Settlement Agreement, the parties have designed a plan to give Class Members the best notice practicable of the Settlement Agreement, the claims process and deadline, Class Counsel's fee application, and their opt-out and objection rights. As set forth below, the Notice Plan will be administered with the help of an

independent and highly qualified Settlement Administrator and will consist of several parts.

### 1.    Settlement Website and Notice

Within five (5) business days after entry of the Preliminary Approval Order, the Settlement Administrator will set up the Settlement Website and a toll-free number.  (Settlement Agreement, § D 10 d.)  The Settlement Website will post notice generally describing the terms of the Settlement, including the Notice of Settlement ("Notice").  (Id., § D, 10b, d.)  The Notice will be published on the Settlement Website; a proposed Notice is attached as Exhibit 1 to the Settlement Agreement. (Id., § D 10b, d.)  The website shall contain (A) downloadable copies of the Notice, this Settlement Agreement, Exclusion Request Form, as well as hyperlinks to key case documents including the Third Amended Complaint (ECF No. 106), the Order on Class Certification (ECF No. 162), and the motion for preliminary approval; (B) providing for submission of Exclusion Request Forms electronically; and (C) reflecting a toll-free number whereby members of the Class can obtain additional information and request that an Exclusion Request Form be mailed to them. (Id.)

### 2.    Direct Text or Email Notice

Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator will transmit the Notice via text messaging (SMS) or if not available, as information in Defendants' database permits, via email or if unavailable, via direct mail, provided that in the case of SMS or email transmission, the communication shall include a PDF attachment of or link to the Notice. Skip tracing to the extent practicable shall be performed by the Settlement Administrator for all returned mail.  (Settlement Agreement, § D, 10c.)

### I.    Opt-Out Procedure

Under Section D 11 of the Settlement Agreement, any person within the definition of the Settlement Class can exclude themselves from the settlement by

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

sending a written request via an Exclusion Request Form to exclude themselves to a designated address. Exclusion requests must be submitted electronically or by mail. The Exclusion Request Form must be sent (if by email) or postmarked (if by mail) within thirty (30) calendar days after the original date of the Settlement Administrator's transmission of the Settlement Class Notice, or such other deadline as the Court may set (the "Opt-Out Deadline"). All Class Members who do not timely opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action. (Settlement Agreement, § D, 11a.)  Valid requests must include the information prescribed by the Notice, including a statement that the person sending the request wishes to be excluded from the Settlement Class.  (Settlement Agreement, §§ D, 11b.)

## J.    Opportunity to Object

Under Section D 12 of the Settlement Agreement, any person within the definition of the Settlement Class who does not timely and validly request to be excluded may object to the Settlement, Class Counsel's fee application, and/or the amount requested for Incentive and Service Awards for the Representative Plaintiffs.  (Settlement Agreement, § D12.)  To be considered, an objection must be filed with the Court within 30 days after the Settlement Administrator's transmission of Settlement Class Notice, and must be in writing, personally signed by the objector, and include the information prescribed by the Notice.  (Id.)

## K.    Payment of Attorneys' Fees, Costs, and Expenses

Under Section D 8c of the Settlement Agreement, Plaintiffs are deemed the prevailing party on their FEHA claim for purposes of Plaintiffs' motion for attorneys' fees and costs only, and Plaintiffs' counsel is entitled to recover reasonable attorneys' fees and costs under FEHA in an amount to be determined by a motion to the Court.  Class Counsel will petition the Court for reasonable attorneys' fees, costs, and expenses. Defendants are obligated to pay these fees and costs awarded by the court. (Settlement Agreement, § D, 5a, 8c.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

### L.    Incentive Awards for Representative Plaintiffs

Under Section D 8 of the Settlement Agreement, Class Counsel are entitled to petition the Court for an Incentive and Service Award for each Representative Plaintiff in the amount of $7,500 apiece subject to court approval.  (Settlement Agreement, § D, 5a, 8b.)  The Incentive and Service Award is designed to reward the class representatives for their service on behalf of the Settlement Class. Defendants are obligated to pay these Incentive and Service awards. (Id.)

### M.    Release

Under Section D 16 of the Settlement Agreement, in exchange for the benefits provided pursuant to the Settlement Agreement, Settlement Class Members who have not excluded themselves from the Settlement by the Opt-Out Deadline ("Releasing Persons") will release Defendants and all related parties ("Released Persons") from all claims on the basis of allegations that Defendants, between October 23, 2017 and December 31, 2018, violated the California Fair Employment and Housing Act (Cal. Govt Code § 12940 (d) and (e)) by conducting pre-placement post-offer medical examinations which required that job applicants fill out a Health History Questionnaire which contained medical inquiries that were not job related and/or consistent with business necessity ("Released Claims").  (Settlement Agreement, § D 16.)

## IV.    LEGAL ARGUMENT

### A.    Class Action Settlement Procedure

A class action may not be settled without the approval of the Court.  Fed. R. Civ. P. 23(e); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1289 (9th Cir. 1992); *Fraley v. Facebook*, 966 F. Supp. 2d 939, 941 (N.D. Cal. 2013).

Judicial proceedings under Rule 23 have led to a defined three-step procedure for approval of class action settlements:

(1)    Certification of a settlement class and preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

(2)    Dissemination of notice of the proposed settlement to the affected class members; and

(3)    A formal fairness hearing, or final settlement approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement are presented.

See *Manual for Complex Litigation*, §§ 21.63 et seq. (4th ed. 2004). This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. See *Newberg on Class Actions*, §§ 11.22, et seq. (4th ed. 2002) (describing class action settlement procedure).

By this motion, Plaintiffs request that the Court take the first step in the settlement approval process and preliminarily approve the parties' proposed Settlement Agreement.

### B.    The Proposed Settlement Class Should be Certified

Provisional certification of the Settlement Class as defined for settlement purposes is appropriate because Rule 23(a) and Rule 23(b)(3) are satisfied. The Court ruled upon this subject in connection with Plaintiffs' class certification motion. (ECF No. 162.)

The Settlement Class includes 172,070 job applicants, as reflected on the electronic database produced by Defendants in this Action. (Erlewine Decl. at ¶ 25.) Although the class certification order covered all job applicants examined by Defendants during the Class Period (approximately 245,000 in number), Defendants subsequently produced a limited number of applicant exam files showing that only 75% of the class members had received the HHQ, which

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

correlated to 172,070 applicants listed on the database as having received a "basic" exam.  (Id., at ¶¶ 25, 31a.)

In any event, commonality, typicality and predominance are all met for reasons previously set out for the Court in Plaintiffs' class certification motion. Similarly, Plaintiffs and Class Counsel have previously demonstrated that they will fairly and adequately protect the interests of Settlement Class Members. (ECF No. 162.)

For all the reasons stated previously, Plaintiffs respectfully submit that the Court should approve certification of the proposed Settlement Class.

## C.    Standards for Preliminary Settlement Approval

Rule 23(e) requires that any settlement of claims brought on a class basis be approved by the Court.  There is "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d at 1268, 1276 (9th Cir. 1992).  See also *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).

Courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should "not [] be turned into a trial or rehearsal for trial on the merits." *Officers for Justice v. Civil Serv. Comm'n*, 688 F. 2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983). The Court must give "proper deference" to the Settlement Agreement, because "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiation negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026-27 (9th Cir. 1998) (quotation omitted).

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

The purpose of the Court's preliminary evaluation of the proposed Settlement Agreement is to determine whether it is within "the range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. "Preliminary approval of a settlement is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.' The proposed settlement need not be ideal, but it must be fair and free of collusion, consistent with counsel's fiduciary obligations to the class." *In re Cathode Ray Tube* (CRT) Antitrust Litig., No. 14-CV-2058 JST, 2017 WL 565003, at *3 (N.D. Cal. Feb. 13, 2017) (citations omitted). Application of the pertinent factors here support an order granting the motion for preliminary approval. *Churchill*, 361 F.3d at 575; see also *Torrisi v. Tucson Elec. Power*, 8 F.3d 1370, 1375 (9th Cir. 1993).

At the preliminary approval stage, a final analysis of the settlement's merits is premature. A more detailed assessment of those merits is reserved for final approval, after class notice has been sent and class members have had the opportunity to object to, or opt out of, the settlement. See, e.g., *In re Tableware Antitrust Litigation*, 484 F. Supp. 2d 1078, at 1079 (N.D. Cal. 2007); *Vasquez v. Coast Valley Roofing*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009); *Manual for Complex Litigation*, § 13.14 at 173 ("First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing."). Nonetheless, as shown below, the proposed Settlement is fair, reasonable and adequate. In the event, the Court should allow the proposed Notice Plan to go forward.

PHILLIPS, ERLEWINE, GIVEN & CARLIN, LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

**D.**    **The Proposed Settlement Agreement Is Within the Range of Reasonableness In Light of Significant Litigation Risks**

The proposed Settlement Agreement meets the standards for preliminary approval and is clearly within the range of reasonableness.

**1.**    **The Settlement Is the Product of Non-Collusive, Arm's Length and Informed Negotiations**

The Settlement Agreement is entitled to "an initial presumption of fairness" because it is the result of arm's length negotiations among experienced counsel, facilitated by an experienced and respected mediator, occurring after the parties completed significant formal fact discovery and Plaintiffs tested the bona fides of one class certification motion. *Create-A-Card v. Intuit*, No. 07-6452, 2009 U.S. Dist. LEXIS 93989, at *8-9 (N.D. Cal. Sept. 22, 2009) ("This Court begins its analysis with a presumption that a class settlement is fair and should be approved if it is the product of arm's length negotiations conducted by capable counsel with extensive experience in complex class action litigation."); *Linney v. Cellular Alaska*, No. 96-3008, 1997 U.S. Dist. LEXIS 24300, at *16 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."), aff'd, 151 F.3d 1234 (9th Cir. 1998). This hard-fought litigation was the product of three mediation/MSC sessions, and was only settled by way of a mediator's proposal.

**2.**    **The Settlement Provides for a Reasonable Outcome for the Class Claims In Light of Significant Litigation Risks**

The class was certified for nominal and punitive damages.  While Plaintiffs and Plaintiffs' Counsel are confident in the strength of their case, they are also pragmatic in their awareness of the various defenses available to Defendants, and the risks inherent to litigation.  While the Settlement Agreement provides a *cy pres* recovery consistent with nominal damages permitted by the Court's class

certification order, the outcome of a trial – and any subsequent appeals – is highly uncertain and in any event would substantially delay any recovery achieved.  So does the question of whether claims of some or all of the Settlement Class should be certified or de-certified.  As the Court is well aware, throughout this litigation the Defendants have vigorously contested both their liability, Plaintiffs' ability to certify the asserted claims for class treatment, and the permissible amount for nominal damages and have promised serial motion practice to test these propositions.

As detailed below, absent this Settlement, Plaintiffs face substantial risks in continuing to litigate this Action rather than settle.

*First*, there is significant risk that the class could be de-certified, which Defendants have threatened to do.  Although Plaintiffs early-on obtained deposition testimony from Defendants' personnel (including its CEO) and other Defendant discovery responses attesting that all job applicants were presented with the subject HHQ, Defendants much later opposed the motion for class certification representing that they had reviewed 60 applicant exam files and that 25% of them did not contain the HHQ.  (ECF No., 142.1, Para 9.)  When Defendants recently produced per court order 182 applicant exam files, those files reflected that only 75% of the applicants (specifically persons listed in the database as having obtained a "basic" exam) were presented with the HHQ, which totaled 172,070 applicants.  However, when Defendants per court order most recently produced an additional 2268 applicant exam files, these files showed that only 10% of applicants received the HHQ (and ascertaining those persons would not be possible using the database).  See, *e.g.*, Erlewine Decl. at ¶ 31a (discussing ascertainability issues). Although Plaintiffs assert that, given defendants' prior admissions, principles of estoppel and waiver should preclude the introduction of these records to de-certify the class (see, e.g., *Russell v. Rolfs*, 893 F.2d 1033,

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

1037 (9th Cir. 1990)), there is no guarantee Plaintiffs would prevail and there is significant risk that the class would fail on ascertainability grounds if not settled.[3]

*Second*, even for a certified class, there is substantial risk that nominal damages would be limited to $1 per exam. Both Plaintiffs' counsel and defendants' counsel have done exhaustive research on the subject and Defendants have shared a 9-page legal research memorandum on same. (Erlewine Decl., at ¶ 32.) Nominal damages are designed to be a symbol for a legal violation that has not resulted in actual damages. *Cummings v. Connell*, 402 F.3d 936, 943 (9th Cir. 2005) [defining nominal damages as a "mere token" or "trifling."] Plaintiffs find support in cases holding that nominal damages can be greater than $1 (see e.g., *Cummings* [but with express caveat that "amount be minimal" and only affirming $1 in that case]; or permitting multiple nominal damages per violation (*Heidorn v. BDD Mktg.*, 2013 WL 6571629 (N.D. Cal. 2013), report and recommendation adopted, 2013 WL 6571168 (N.D. Cal. 2013) ($1 per each offending phone call under TCPA) or analogizing to statutory damages (*Ericson v. Playgirl*, 73

---

[3] There are other risk factors for decertification. Defendants assert that some of the Class Members are subject to arbitration agreements with their actual employers which would have applied to Defendants as "agents" of those employers, thereby precluding class actions. Although the Court's order granting class certification noted that this arbitration issue was "likely irrelevant" to the class claims (ECF No. 162 at p. 25), the outcome remains uncertain, the issue would inject individualized inquiries and it be difficult to ascertain which Class Members were subject to arbitration. (Erlewine Decl., at ¶ 31b.) Defendants also assert there was no way to determine whether an applicant was in a paid or a volunteer position (the latter was the court's basis for excluding Darrick Figg as a class member). Although it is highly likely that only a handful of Class Members were volunteers, Plaintiffs were mindful that in January 2025 the U.S. Supreme Court granted *certiorari* in *Laboratory Corp. of American v. Davis*, No. 24-0304 (writ last week dismissed as improvidently granted) to decide "whether a federal court may certify a class action when some members of the proposed class lack any article III injury," thereby injecting further uncertainty on sustaining this class going forward. (Id., at ¶ 31c.)

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

Cal.App.3d 850, 859 (1977) – $300 awarded).   Yet Defendants cite a legion of cases holding that nominal damages are limited to $1 (e.g., *Carey v. Piphus*, 435 U.S. 247, 266–267 (1978); *Wiggins v. Rushen*, 760 F.2d 1009, 1012 (9th Cir. 1985); *Johnson v. Swinney*, 996 F.2d 1225 (9th Cir. 1993), that statutory damages are separate and distinct from nominal damages and serve entirely different purposes (*Brown v. Mortensen*, 30 Cal.App.5th 931 (2019)) and that nominal damages cannot be aggregated per violative questions and are limited to $1 (*Cummings*, *supra*, citing *Redding v. Fairman*, 717 F.2d. 1105, (7th Cir. 1983) holding that nominal damages should be a lump sum, not for each discrete violation).  In addition, the 9th Circuit Manual of Model Jury Instructions for nominal damages states "*Nominal damages may not exceed one dollar*" (emphasis added). Thus, it is an open question as to the amount of nominal damages that can be awarded and whether they can be aggregated, but there is substantial risk that they would be limited to $1 per exam.  (Id., at ¶ 32.)

*Third*, Defendants have already filed a Rule 23(f) appeal from the class certification order arguing that under the *Raines* Supreme Court decision common law agency principles apply as to whether Defendants are an agent of the referring employers for purposes of FEHA, and if so, that Plaintiffs cannot meet the common law agency burden of proof here, and that it also would present individualized issues precluding class treatment.  (ECF No. 166.)  Although this court previously rejected Defendants' position (ECF No. 162, p. 19 ["the problem for USHW is that the California Supreme Court rejected USHW's attempt to import common law agency principles in to the FEHA," it is highly likely this will generate a further appeal following judgement in this case involving years of further protracted litigation. (Erlewine Decl., at ¶ 33.)

*Fourth*, Plaintiffs face risk that Defendants will prevail on their defense that use of the HHQ is appropriate and does not violate FEHA.  Plaintiffs' expert, Dr. Timur Durrani, has opined that there are no jobs for which all 150 medical

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

inquiries in the HHQ are relevant and consistent with business necessity to meet the FEHA standard and there are certain questions which are not relevant to any job position.  On the other hand, there is risk that the court could grant Defendants' *Daubert* motion to disqualify Dr. Durrani's testimony (which it earlier denied without prejudice). Defendants also have countered with five experts of their own who all opine that the HHQ meets FEHA standards. Defendants further note that a number of the questions asked in the HHQ are also asked in certain government-mandated HHQ's for certain job position requiring certifications (e.g., DOT positions).  While Plaintiffs believe they have the far stronger position, there is a risk that a jury might disagree. (Erlewine Decl., at ¶ 34.)

*Finally*, there is significant risk that a jury might not impose punitive damages which is subject to a heightened clear and convincing evidence burden of proof under Cal. Civ. Code § 3294.   Plaintiffs have developed evidence in discovery that would support a claim that Defendants acted in conscious disregard of applicants' rights.  For example: 1) Defendants made no efforts to tailor their questions based on the job position as required by FEHA; 2) despite conducting over 200,000 pre-placement post-offer exams a year in California, Defendants failed to research what legal restrictions governed these exams; 3) Defendants' business model seemed focused on profitability and metrics, meaning that tailoring questions would have taken more time and adversely impacted profits and 4) Defendants improperly forced every job applicant to sign a form authorizing USHW to disclose an applicant's protected health information to employers, threatening that failure to sign "may violate a condition of employment" and "carry serious consequences related to [your] employment," while at the same time telling employers that USHW was legally prohibited under federal law (ADA) from disclosing applicants' health information to them.  On the other hand, the defense will contend that 1) even if they had researched the law,

existing precedent would have shown they faced no liability, that they were not the employers' agent under common law agency principles and they were not bound by FEHA; 2) no Class Member suffered any injury; 3) they were asking the questions in order to provide a better medical assessment; and 4) they never attempted to monetize the health information derived from the HHQ. Thus, Plaintiffs' ability to obtain punitive damages is uncertain. (Erlewine Decl., at ¶ 35.)

### 3. <u>Other Factors Support The Reasonableness of the Settlement</u>

In addition to the significant risk factors discussed above, other factors affirmatively support the reasonableness of this settlement. For example:

<u>Amount offered in settlement</u> – The consideration – a $172,070 settlement nominal damages payment to a *cy pres* ($1 per settlement class member) – is significant, particularly in light of law indicating that $1 is the permissible amount which can be awarded for nominal damages and the federal court jury instruction to that effect, the risk that the jury could find no liability (given the anticipated testimony of defendants' five expert witnesses saying so), and the fact that any jury verdict would be subject to appellate review.  (Erlewine Decl., at ¶¶ 26, 27.) Defendants have also given a representation and warranty that they have stopped using and will no longer in the future use the subject HHQ.  (Id., at ¶ 27.)

<u>The Settlement Agreement treats all class members equally.</u>  The nature of nominal damages erases many of the potential distinctions in this case.

<u>The extent of discovery completed and stage of proceedings</u>  As detailed above and in the supporting declaration, extensive discovery has occurred. Extensive expert declarations were submitted by both sides in connection with the motion for class certification and each side took expert deposition(s).  The information revealed in discovery as well as their experts' review and analysis of same, together with the Court's rulings, provided Plaintiffs and their counsel with a sufficient baseline to evaluate the strengths and weaknesses of Plaintiffs' claims

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

and the benefits of the proposed Settlement Agreement. (Erlewine Decl., at ¶¶ 15-18.)

The experience and views of Plaintiffs' counsel – Plaintiffs and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated other substantial class settlements, and have the ability to litigate this case on a class-wide basis if a fair settlement were not offered. (Erlewine Decl., at ¶¶ 4, 6.) Counsel were satisfied with the Settlement Agreement only after conducting intensive settlement negotiations and thorough investigation into the factual and legal issues raised in this case, the latter of which were thoroughly vetted by Plaintiffs' counsel and tested by the Court. (Id., at ¶ 18.) In negotiating and evaluating the Settlement Agreement, counsel relied upon their investigation and drew on their experience, skill and expertise in determining that the Settlement Agreement was fair, reasonable and adequate. (Id., at ¶ 23.) While Plaintiffs' counsel believe that they can overcome the various defenses of the Defendants, they are indicative of the risks, hurdles, and delays that Plaintiffs and the Class face should this matter proceed in litigation. (Id., at ¶ 29.) Plaintiffs' counsel believe that the proposed Settlement Agreement provides significant monetary consideration for the *cy pres* (given that a $1 award in nominal damages to each Settlement Class Member would otherwise be cost prohibitive to distribute), while allowing them to avoid the risks of unfavorable, and in some cases possibly dispositive, rulings on these and other issues. (Id., at ¶ 26, 27.)

**E.    The Proposed Notice Plan Should Be Approved**

Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); see also *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

Here, Settlement Class Members will receive the Notice and Exclusion Form by text message, or if unavailable, via email or, if unavailable, by mail as provided in Section D 10 of the Settlement Agreement. This is undoubtedly the best notice practicable under the circumstances. The parties will also cause the Settlement Administrator to maintain a website with information on the settlement. (Settlement Agreement, § D, 10.)

In addition to the manner of giving notice to the Class, the contents of the notice itself will satisfy Rule 23(c)(2)(B), as the notice will include all required elements: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." A copy of the proposed Notice to the Class is attached as Exhibit 1 to the Settlement Agreement.

Finally, Defendants have agreed to cooperate in carrying out the terms of this Settlement. (Settlement Agreement, § D, 20a.) This will include compliance with the Class Action Fairness Act by requiring Defendants to provide notice to the proper entities within 10 days after the Settlement Agreement is filed with the Court. See 28 U.S.C. § 1715.

Accordingly, the form of notice and the manner of giving notice should be approved.

## F.    <u>The Proposed Plan of Distribution is Fair, Reasonable, and Adequate</u>

A plan of distribution of class settlement funds is subject to the "fair, reasonable and adequate" standard that applies to approval of class settlements. *In*

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900

*re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).  Here, the entire settlement nominal damage payment will go to a recognized charitable *cy pres*, since distribution of $1 to each settlement class member would be cost prohibitive.  Accordingly, fair distribution will not be an issue.

### G.    The Court Should Set a Final Approval Hearing Schedule

The last step of the settlement approval process is the final approval hearing, at which the Court hears all evidence and argument necessary to evaluate the proposed Settlement Agreement.  At that hearing, proponents of the Settlement Agreement will explain and describe its terms and conditions and offer argument in support of approval and members of the Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement.

Plaintiffs propose the following schedule for final approval of the Settlement:

| Event | Timing | Date[4] |
|---|---|---|
| Last day for the Administrator to send Notice | 30 days after entry of this Order | August 18, 2025 |
| Last day for Class Members to file a claim, request exclusion, or object to the Settlement | 60 days after entry of this Order | September 17, 2025 |
| Last day for Plaintiffs to file their motion for attorneys' fees, costs, and incentive awards to be heard at the Fairness Hearing | 75 days after entry of this Order | October 2, 2025 |

---

[4] The specific calendar dates proposed assume a Preliminary Approval Order is entered on July 18, 2025.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

| Last day for parties to file motion for final approval and supporting briefs | 75 days after entry of this Order | October 2, 2025 |
|---|---|---|

## V.    CONCLUSION

Based on the foregoing, Plaintiffs submit that the proposed Settlement Agreement is fair, adequate and reasonable, and in the best interests of the Settlement Class.  Accordingly, Plaintiffs respectfully request that the Court order the relief requested above.

Dated: June 13, 2025                     Phillips, Erlewine, Given & Carlin LLP

By: /s/ R. Scott Erlewine

Attorneys for Plaintiffs

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900