# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA RAINES and DARRICK FIGG, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, a corporation, et al.,<br><br>Defendants. | Case No.: 19-cv-1539-DMS-DEB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Plaintiffs move for preliminary approval of their class action settlement. ECF No. 206. For the reasons below, the Court grants the motion.[1]

## I.     BACKGROUND

**A. Factual and Procedural Background**

This is a class action against U.S. Healthworks and its related and successor companies. *See* Third Amended Complaint ("TAC"), ECF No. 106. Plaintiffs allege that Defendants conducted post-offer, pre-placement medical examinations requiring that job

---

[1] The Court hereby vacates the motion hearing set for July 17, 2025 at 2:00 PM. Pursuant to Civil Local Rule 7.1(d)(1).

applicants fill out a health history questionnaire which asked health questions that were neither job-related nor consistent with business necessity in violation of the California Fair Employment and Housing Act – "FEHA" (Cal. Govt. Code § 12940 et. seq.). ECF. No. 106 ¶¶ 36-37, 43, 79.

Discovery has been extensive since this case began in October 2018. Plaintiffs' counsel has engaged in substantial written discovery and Defendants have produced more than 38,000 pages of documents. Plaintiffs have deposed several of Defendants' employees and PMKs. Both Plaintiffs have been deposed. ECF No. 206-1 ¶ 15. Discovery disputes have generated numerous discovery conferences with the Court. *Id.* ¶ 16. The parties have each designated experts, some of whom have been deposed. *Id.* ¶ 17; ECF Nos. 131-3; 142-8; 142-12.

Plaintiffs were successful in appealing dismissal of their FEHA claim by obtaining a favorable opinion from the California Supreme Court in *Raines v. U.S. Healthworks*, 15 Cal.5th 268, 273 (2023); ECF Nos. 127-128.

Following remand, in August 2024, the Court certified nominal and punitive damage claims against Defendants for a class of 245,000 job applicants who had been presented with the HHQ during their post-offer, pre-employment medical examinations from October 23, 2017 through December 31, 2018 ("the Class Period") in violation of FEHA. *See* ECF No. 162. Defendants sought permission to appeal the class certification order under Rule 29(f) to the Ninth Circuit, which denied permission to appeal.

Formal settlement negotiations began in October 2024 and involved a full-day mediation session with Kevin Barnes, Esq. In April 2025, Magistrate Judge Daniel E. Butcher conducted mandatory settlement conference(s) over two days, and the parties subsequently accepted his mediator's settlement proposal. ECF No. 206-1 ¶¶ 19-21. The Settlement Agreement is found at ECF No. 206-1 ¶ 22, Ex. 1.

The Plaintiffs have now moved for preliminary approval of their class action settlement. ECF No. 206.

### B. Terms of the Agreement

Plaintiffs seek provisional certification of a settlement class comprising all job applicants (172,070 in number) who underwent a "basic" post-offer, pre-placement medical examination at a U.S. Healthworks-branded facility in California between October 23, 2017 and December 31, 2018 ("Class Period"). *See* ECF No. 206-1, Ex. 1 § B, 4.

Pursuant to the settlement agreement, Defendants will pay nominal damages in the amount of $1 for each of the Settlement Class Members as a *cy pres* award payable to a recognized charitable organization(s) selected by Plaintiffs' counsel, which is Legal Aid at Work. (*Id.*, §§ A, 1a; D, 8a.). Defendants also represent and warrant they no longer use the Health History Questionnaire form (HHQ) at issue and agree to not use that form in the future. (*Id.*, § D, 4.).

In exchange, class members will release Defendants from all claims that were or could have been asserted in relation to the alleged improper use of the HHQ during the post-offer, pre-placement medical examinations. *Id.*, § D, 16a. In addition, the Plaintiffs will give general releases and Civil Code § 1542 waivers. *Id.*, § D, 16b.

The settlement administrator will provide notice to class members via a settlement website, a toll-free number, and text (SMS) messages, or if unavailable, via email, or if unavailable, via mail. *Id.* § D, 10b-d. Individuals may opt out of the class by sending a written request to the settlement administrator within thirty days after the notice date. *Id.* § D, 11.

Plaintiffs are deemed the prevailing party on their FEHA claim for purposes of Plaintiffs' motion for attorneys' fees and costs only, and Plaintiffs' counsel is entitled to recover reasonable attorneys' fees and costs under FEHA in an amount to be determined by a motion to the Court. (*Id.*, § D, 8c.) Plaintiffs are also requesting Incentive and Service Awards in the amount of $7,500 each, subject to court approval. (Settlement Agreement, §§ D, 5a, 8b.).

Class members may object to the settlement, class counsel's fee application, and/or the amount requested for incentive awards for the representative Plaintiffs by filing an

objection with the Court within 60 days after the entry of the preliminary approval order. *Id.* § D, 12.

## II. PROVISIONAL CERTIFICATION

The Rule 23 requirements are satisfied. The Court has previously certified a class, finding that the commonality, typicality, predominance, and superiority requirements were all satisfied. The settlement class is sufficiently numerous because it contains an estimated 172,070 class members. ECF No. 206-1 ¶¶ 24–25. For the same reasons, the Court finds that those requirements are met here. The Court accordingly grants provisional certification of the settlement class.

## III. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Courts generally employ a two-step process in evaluating a class action settlement. First, courts make a "preliminary determination" concerning the merits of the settlement and, if the class action has settled prior to class certification, the propriety of certifying the class. *See Manual for Complex Litigation, Fourth* ("MCL, 4th") § 21.632 (FJC 2004). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *City of Seattle*, 955 F.2d at 1276. The Court's task at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (quotation omitted); *see also* MCL, 4th § 21.632 (explaining that courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."). Second, courts must hold a hearing pursuant to Rule 23(e)(2) to make a final determination of whether the settlement is "fair, reasonable, and adequate."

Preliminary approval of a settlement is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware*, 484 F. Supp. 2d at 1079 (quotation omitted). The proposed settlement need not be ideal, but it must be fair and free of collusion, consistent with counsel's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."). To assess a settlement proposal, courts must balance a number of factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026 (citations omitted). The proposed settlement must be "taken as a whole, rather than the individual component parts" in the examination for overall fairness. *Id.* Courts do not have the ability to "delete, modify or substitute certain provisions"; the settlement "must stand or fall in its entirety." *Id.*

**B. Analysis**

1. <u>Non-Collusive Negotiations</u>

In examining the means by which the parties arrived at the settlement agreement, the Court concludes that the negotiations and agreement were non-collusive. The settlement was reached after the parties engaged in six years of litigation, extensive discovery, appeal to the Ninth Circuit with certification to the California Supreme Court, class certification with appeal to the Ninth Circuit, and negotiations that were overseen by a neutral third-party mediator and by a Magistrate Judge of this Court. These facts support the conclusion that the settlement agreement is non-collusive and likely to benefit the class members. *See,*

*e.g.*, *Harris v. Vector Marketing Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

### 2. Risk, Expense, Complexity, and Likely Duration of Further Litigation

Liability remains disputed and uncertain in this case as evidenced by the expert declarations submitted in support of and in opposition to the motion for class certification and the Rule 23(f) appeal. ECF No. 206-1 ¶¶ 33-34. Even if liability can be established, the amount of nominal damages and whether punitive damages may be imposed, especially given the latter's heightened burden of proof, are highly contested. *Id.* ¶ 32, 35-36. The viability of the class also would be challenged by Defendants, which could potentially result in de-certification. *Id.* ¶ 31. Therefore, this factor weighs strongly in favor of settlement.

### 3. The Amount Offered in Settlement

To evaluate adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). The $1 nominal damages award per class member, payable as a *cy pres* award to Legal Aid at Work, which prosecutes impact class action employment litigation on behalf of California workers, is consistent with the Court's prior ruling certifying the class for nominal damages. ECF No. 162.

### 4. The Extent of Discovery Completed and the State of the Proceedings

Plaintiffs contend that the information revealed in discovery as well as their experts' review and analysis of same, together with the Court's rulings, provided Plaintiffs and their counsel with a sufficient baseline to evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed Settlement Agreement. ECF No. 206-1 ¶¶ 23-27. Given the extensive discovery and advanced stage of these proceedings, which have been ongoing for more than six years, the Court agrees that the parties have gathered "sufficient information to make an informed decision about the settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000).

### 5. The Experience and Views of Counsel

Based on their litigation of this case and experience, Plaintiffs' counsel believes that the Settlement Agreement is within the range of reasonableness given that it provides for nominal damages (the only damages available) and avoids the risks of unfavorable rulings or verdicts and de-certification. ECF No. 206-1 ¶¶ 23-27. This weighs in favor of approving the settlement agreement.

### 6. The Reaction of Class Members to the Proposed Settlement

The Court will wait until the final approval hearing to determine the reaction of the class members to the settlement.

### 7. Payment to a *Cy Pres*

The payment of the nominal damages to a *cy pres* is reasonable, given that distribution of $1 to each class member would be cost prohibitive and payment of lump sum nominal damages would be consistent with the public policy promoted by this case. ECF No. 206-1 ¶ 26.

### 8. The Presence of Obvious Deficiencies

The Court has reviewed the settlement agreement and did not find any obvious deficiencies. To the extent any objector calls attention to any such deficiency, the Court will consider it at the final approval hearing.

## IV.   NOTICE

The Court must separately evaluate the proposed notice procedure. Under Federal Rule of Civil Procedure 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must state:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Plaintiffs propose sending summary notice directly to class members via text (SMS), email and/or mail. ECF No. 206-1, Ex. 1 §§ D, 10c. The notice will be posted on the settlement website. *Id.*, §§ D, 10d. The notice contains each of the required elements listed above and clearly and concisely states in plain, easily understood language the key elements of the Settlement and the class members' rights under it. *Id.* Class members are also informed about how to opt out of the class, how to object to the settlement, attorneys' fees application and request for incentive and service awards and how to attend the final approval hearing. *See id.* In addition, the settlement administrator will set up a toll-free number to call for more information about the settlement. ECF No. 206-1 § D, 10d.

The Court approves this notice procedure.

## V. CONCLUSION

The Court grants the motion for preliminary approval and further orders as follows:

1. The Court provisionally certifies a settlement class consisting of all job applicants (172,070 in number) who underwent a "basic" post-offer, pre-placement medical examination at a U.S. Healthworks-branded facility in California between October 23, 2017 and December 31, 2018.

2. The Settlement Agreement is within the range of reasonableness and meets the requirements for preliminary approval.

3. Plaintiffs Kristina Raines and Darrick Figg are conditionally certified as the Class Representatives, and the following law firms are conditionally appointed as class counsel: Phillips, Erlewine, Given & Carlin LLP and Light & Miller LLP.

4. The Court approves the notice (attached as Exhibit 1 to the Settlement Agreement) and the Notice Plan. The Notice shall be distributed in the manner specified in the Settlement Agreement.

5. Class Counsel or the settlement administrator shall create a website for this settlement in which the Notice and other documents filed with the Court (as

specified in the Settlement Agreement) will be accessible by the class members at the listed and stated website address.

6. To comply with the Class Action Fairness Act, Defendants shall provide notice to the proper entities within 10 days. *See* 28 U.S.C. § 1715.

7. Verita Global is hereby approved as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement, and is authorized to administer the settlement claims process within the budget submitted. ECF No. 206-1, Ex. 2.

8. A hearing shall be held before this Court on November 21, 2025 at 1:30 p.m. in Courtroom 13A to consider whether the Settlement should be given final approval by the Court, whether the Court should grant Plaintiffs' request for Incentive and Service Awards, and what amounts should be awarded to Plaintiffs' counsel for attorneys' fees and costs.

9. At the final approval hearing, Class Members' objections to the Settlement Agreement, if any, may be heard, provided they submitted timely written objections as set forth in the Settlement Agreement.

10. In the event the Settlement receives final approval, all Settlement Class Members will be deemed to have forever released and discharged the Class Released Claims as set forth in the Settlement Agreement.

11. The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Last day for the Administrator to send Notice | August 18, 2025 |
| Last day for Plaintiffs to file their motion for attorneys' fees, costs, and incentive awards to be heard at the Fairness Hearing | September 19, 2025 |

| Last day for Class Members to file a claim, request exclusion, or object to the Settlement | October 22, 2025 |
|---|---|
| Last day for parties to file motion for final approval and supporting briefs | October 24, 2025 |
| Final Approval and Fairness Hearing | November 21, 2025 at 1:30 p.m in Courtroom 13A |

**IT IS SO ORDERED.**

Dated: July 14, 2025

Hon. Dana M. Sabraw
United States District Judge